**Geoffrey C. Angel**
**ANGEL LAW FIRM**
**803 West Babcock**
**Bozeman, Montana 59715**
**Telephone (406) 922-2210**
**Facsimile (406) 922-2211**
**christianangel@hotmail.com**

**Attorney for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| **TINA McCOLL,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ALLIED PROFESSIONALS INSURANCE COMPANY,**<br><br>**Defendant.** | **Cause Number CV-17-40-H-SEH**<br><br>**McCOLL'S BRIEF IN SUPPORT OF REASONABLE COSTS AND ATTORNEY FEES** |

The Court should order defendant APIC to repay Mrs. McColl for all costs, together with attorney fees, incurred for the deposition of Sara Schroeder. It should order APIC to pay the fees for the Motion to Compel which was granted and should impose an equal amount as sanctions to punish APIC's intentional discovery misconduct. On December 15, 2017 the Court held a Hearing to Show Cause on the motion to compel and struck Ms. Schroeder's deposition from the record based on witness and attorney misconduct. The Court noted that *pro hac* counsel Michael Kadish and local counsel so severely infected the deposition that the only remedy was to strike it from the record. The Court then referred the issue of cost and fees for proposed findings and recommendations.

The Court has broad authority under the Rules to shift the burden and to impose a sanction when a party engages in intentional discovery misconduct. Mrs. McColl's reasonable costs and fees to date total $53,740. The Court should impose an equal sum as sanctions for APIC's bad faith discovery abuses.

## Table of Contents

Parties and Nature of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Legal Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1. The Court has broad authority to shift the burden of and punish discovery abuses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2. The Court should shift the burden of and punish APIC's discovery abuse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3. Mrs. McColl's costs and fees that APIC wasted due to its discovery abuses are reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## Table of Authorities

### Table of Cases

Cooke v. United States, 267 U.S. 517 (1925) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Gonzalez v. City of Maywood, 729 F.3d 1196 (9th Cir. 2013) . . . . . . . . . . . . . . . 13

Hickman v. Taylor (1947), 329 U.S. 49, 507, 67 S.Ct. 385, 392, L.Ed. 451 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975) . . . . . . . . . . . . 13, 14

Massaro v. Dunham, 184 Mont. 400, 603 P.2d 249 (1979) . . . . . . . . . . . . . . . . . . 8

Owen v. F.A. Buttrey Co., 192 Mont. 274, 627 P.2d 1233 (1981) . . . . . . . . . . . . . 8

Primus Auto. Fin. Servs. Inc. v. Batarse, 115 F.3d 644 (9th Cir. 1997) . . . . . . . . 13

Redding v. Prosight Specialty Mgmt. Co., CV-12-98-H-CCL, p. 94 (D, Mont. Filed February 27, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Richardson, 2006 MT 43, 331 Mont. 231, 130 P.3d 634 . . . . . . . . . . . . . . . . . . 8, 9

Sorenson v. Minsk, 239 F.3d 1140 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Procter & Gamble, Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Table of Other Authorities

Rule 1, Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rule 11(b), Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

Rule 26(b(1), Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . 8, 10, 14

Rule 37(a)(5), Federal Rules of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . 10, 14

## Exhibit Index

Exhibit A- Invoice of Costs and Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Exhibit B- Declaration of Alan F. Blakley . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## Parties and Nature of Action

This is a third-party insurance bad faith case. The underlying claim was brought by Mrs. McColl against APIC's insured Dr. Michael Lang, a Naturopath. Dr. Lang burned a dime sized four millimeter deep hole in Mrs. McColl's nose by using an escharotic "black salve" which the Food and Drug Administration banned for sale and use on humans. APIC insured Dr. Lang as an additional insured on a policy covering the American Naturopathic Council (ANC). APIC, a Risk Retention Group under the Risk Retention Act, is owned by its members including Allied Professionals Insurance Services (APIS) aka ANC. APIS is the registered owner of the trademark ANC, the employer of Ms. Schroeder[1].

Dr. Michael Lang testified in the underlying action he was not educated, trained or experienced in the use of black salve. He had never used it before. He had never used any escharotic on the face. He thought black salve would only harm bad cells and would leave good cells unharmed. He wasn't aware of the risks, benefits or alternatives of black salve so he couldn't obtain Mrs. McColl's voluntary informed consent. He said he didn't mean to burn a hole in her face.

---

[1]It was discovered at Ms. Schroeder's deposition the named defendant APIC did not employ Ms. Schroeder but ANC did. ANC was dismissed from the case, and the Judgment against it set aside, based on APIC's representation that it alone adjusted the claim. Discovery has since revealed this is not true. APIC employed APIS to adjust the claim. This issue is pending on Mrs. McColl's Motion to Join Party and Reinstate Default Judgment.

Mrs. McColl notified Dr. Lang and subsequently APIC of her claim of professional negligence and Dr. Lang's failure to obtain her informed consent. APIC acknowledged Mrs. McColl's claim and assigned APIS's Associate General Counsel, Sara Schroeder, to investigate and adjust the claim. Michael Schroeder[2], her father, supervised her work. APIS does not maintain any electronic records of its claims handling activities. The only record it maintains consists of a yellow legal pad. The claims activity are recorded by hand on the yellow legal pad.

Ms. Schroeder's claims investigation consisted of talking by telephone with Dr. Lang, reviewing the scant medical records and nothing more. The Schroeders did not talk to Mrs. McColl or her medical providers. They did not gather her medical records. The Schroeders received information from defense counsel but say they did not consider the information in the handling of Mrs. McColl's claims. Together Schroeders denied liability and refused to make *Ridley* advance payments. Following a jury verdict in Mrs. McColl's favor this case was filed.

In this case, Mrs. McColl sought in discovery the handwritten Claims File for the investigation and adjustment of her claims against Dr. Lang. On the last day to respond to discovery, APIC produced the underlying litigation file only. It did not produce a Privilege Log or the handwritten Claims Notes, Declaration Page or Insurance Policy at issue. When Mrs. McColl objected APIC produced nearly complete redaction of the Claims Notes and a woefully inadequate Privilege Log. The Privilege Log does not identify the redactions made, the privileges claimed or a statement of how the privilege applies to the redactions. It does not comply with Rule 26 or Local Rule 26.3 The Privilege Log also fails to identify whether other discoverable evidence exists and what is being withheld. APIC has since amended the Privilege Log twice, after the motion to compel, but it still suffers from the same infirmities. All privileges are waived because they

[2]Michael Schroeder, Esq. is Vice President of both APIC and APIS.

were untimely and inadequate. These issues are fully briefed and pending before the Court in McColl's Motion to Compel.

APIC redacted from the Claims Notes the substance of every activity except for telephone conferences with Mrs. McColl's counsel with minor exceptions. APIC redacted its adjuster's interviews with the insured, the reserve information, the information it received from Dr. Lang's defense counsel and all other activities on the claim. Significantly, all of the above are selectively redacted when it served APIC's defense to reveal some information.

Bootstrapped by this nearly complete redacted Claims Notes, counsel for Mrs. McColl traveled to Orange, California to depose Ms. Schroeder.

When Mrs. McColl asked Ms. Schroeder if liability would be reasonably clearn if the doctor accidentally burned a hole in the patient's nose, Mr. Kadish objected. "Objection calls for a legal conclusion. What do you mean by reasonably clear?" *Video 1:26-1:46.* Ms. Schroeder, a Harvard Law School graduate, California licensed attorney and licensed insurance broker then responded she didn't understand the question. She was asked what she understood the phrase "reasonably clear liability" to mean. Mr. Kadish objected to relevance. *Video 1:56-2:04.* Yet this is a bad faith claim because the insurer disputed whether liability was reasonably clear based on Ms. Schroeder's activities investigating and adjusting the claim. Ms. Schroeder needed the question repeated. Mr. Kadish then objected the question calls for a legal conclusion. Ms. Schroeder responded "I don't think I know." When asked if she knows if liability is reasonably clear if the doctor burned a hole in the patient's nose, Mr. Kadish asked to have the question repeated. It was read back. Mr. Kadish objected that the question was compound. The question was:

> Do you know if liability is reasonably clear if Dr. Michael Lang accidentally burned a hole in Tina McColl's face?

*Video 3:23-3:33.* Ms. Schroeder then asked to have the question rephrased

because she didn't understand what was being asked. The questioning was redirected and she was asked if she had an understanding of "reasonable clear liability" as it is applied in Montana insurance law. Mr. Kadish objected that the question calls for speculation. Ms. Schroeder responded "I'm not sure that I do."

When asked if her or her father Michael Schroeder, the Vice President of Claims and the other person involved in adjusting Mrs. McColl's claim, was the primary adjuster on the claim Mr. Kadish objected without stating a basis for objection. When presented with the Claims Notes and asked to "describe for the jury what document that is?" Mr. Kadish, prompted by the deponent, objected the document speaks for itself. "If you know what it is your going to have to answer." *Video 7:53-7:57.*

When asked who made the decision regarding coverage for Mrs. McColl's claim against Dr. Lang, Ms. Schroeder responded that Michael Schroeder, her father, did. When asked who made the decision regarding liability for Mrs. McColl's claim against Dr. Lang, Mr. Kadish objected that the question calls for speculation, vague and ambiguous "what do you mean as to decision as to liability, it is up to a jury to decide that?" *Video 12:04-12:26.* At this point in the deposition, 12 minutes in, a record was made of the apparent attempts to thwart the deposition through inapplicable and abusive objections. The question was read back:

> Who made the decision about the liability for Tina McColl's claim against Dr. Michael Lang?

Ms. Schroeder responded "I don't understand the question." *Video 13:13-13:23.* Defense counsel and the deponent then took a break and upon their return made a record that the objections would continue.

> Q: Who made the decision regarding Dr. Lang's liability for Tina McColl's claim?
> A: I don't' understand your question.

*Video 15:04-15:13.* When asked what decisions she understands were made,

Mr. Kadish objected to the form of the question, overbroad and vague. Ms. Schroeder said she doesn't know.

Do you know whether there was a decision made regarding liability? *Video 15:42-15:.* To which Mr. Kadish objected to the form of the question, calls for a legal conclusion, vague and ambiguous. Ms. Schroeder responded "I don't understand what your asking." "What do you do for a living." Mr. Kadish "Objection, calls for a narrative, do you have a more specific question?" *Video 15:55-16:04.* Ms. Schroeder responded "I'm an attorney." "Do you know who made the claim decision regarding liability." "Objection. Calls for speculation." "I don't know what you mean by claim decision regarding liability." *16:50-17:04.* "Did you make a decision regarding liability for Tina McCall's claim against Dr. Michael Lang?" "Objection calls for a legal conclusion." "I don't know what you mean by decision regarding liability." *Video 21:07-21:26.* At this point in the deposition another record was made of the obstructive objections. Undeterred the following occurred:

> Q: What's your understanding of the *Ridley* obligation in Montana?
> Mr. Kadish: Objection, she's here as a factual witness not as a as a [inaudible] I'm sorry I'll speak up. I'm going to object it call for a legal conclusion.
> Q: You can answer.
> Mr. Kadish: No, actually to the extent the objection is made it calls for a legal conclusion I'm going to instruct her not to answer as it calls, you're here today as a factual percipient witness.

*Video 21:30*-22:10. Mr. Kadish's objection speaks directly to the witness and no answer was given. This was not a mistake as Ms. Schroeder's role was made clear in the very next question and answer.

> Q: When you adjusted Tina McColl's claim, is that true you adjusted her claim?
> A: I worked on the claim and I did interviews and um but I was working in the capacity as an attorney.

*Video 22:20-22:40.*

Based on these objections and the remainder of the conduct of defense counsel, the Court struck the deposition from the record.

## Legal Analysis

**Standard of Review**

The Rules of Civil Procedure provide that the scope of discovery includes "any non-privileged matter that is relevant to any party's claim or defense." *Rule 26(b(1), F.R.Civ.P.* "'The purpose of discovery is to promote the ascertainment of the truth and the ultimate disposition of the lawsuit in accordance therewith. Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation.' *Massaro v. Dunham (1979), 184 Mont. 400, 405, 603 P.2d 249, 252 (citing Hickman v. Taylor (1947), 329 U.S. 49, 507, 67 S.Ct. 385, 392, L.Ed. 451).* Modern instruments of discovery, together with pre-trial procedures, "'make a trial less a game of blindmans' buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble, Co. (1958), 356 U.S. 677, 682, 78 S.Ct. 983, 986-87, 2 L.Ed.2d 1077 (citing Hickman, 329 U.S. at 501, 67 S.Ct. At 388-89)." Richardson v. State, 2006 MT 43, ¶ 22, 331 Mont. 231, 130 P.3d 634.* The Courts "must remain intent upon punishing transgressors rather than patiently encouraging their cooperation." *Id at ¶ 56.* "Accordingly, the imposition of **sanctions for failure to comply with discovery procedures is regarded with favor**." *Id.*

In *Owen v. F.A. Buttrey Co., 192 Mont. 274, 280, 627 P.2d 1233, 1236 (1981),* the Montana Supreme Court discussed the prevailing sense that dilatory discovery tactics, whether intentional or not, **must not be dealt with leniently** not just to punish the wrongdoer but equally so to deter "other parties to other lawsuits" and to protect "discovery orders of other courts." *Owen, 192 Mont. at 279, 627 P.2d at 1236.* Furthermore, "the price for dishonesty must be made unbearable to thwart the inevitable temptation that zealous advocacy inspires" to deter similar future conduct and warn others the rules will of discovery will be enforced. *Richardson v. State of Montana, 2006 MT 43, ¶ 57, 331 Mont. 231, 130*

*P.3d 634.* In furtherance of this goal, Mrs. McColl requested the Court to award her costs and fees together with an equal amount to fulfill this deterrent purpose for APIC's discovery abuses.

APIC's improper redaction of the Claims Notes together with the deposition conduct impaired Mrs. McColl's right to timely and full discovery, it delayed these proceedings and requires compounded discovery at Mrs. McColl's expense. At a minimum these should be shifted onto APIC and/or its counsel who engaged in the conduct despite the Rules and advocate in defense of them.

**1. The Court has broad authority to shift the burden of and punish discovery abuses**

The Rules governing discovery are clear. APIC's counsel violated those Rules in an effort to thwart McColl's timely discovery of its action to adjust her claim. The witness, working together with *pro hac* counsel Michael Kadish with the acquiesces of local counsel, so infected the deposition with improper objection it was stricken from the record. All of the time and money invested was wasted. These actions are representative of the entire defense. Win at any cost. In this case, the time and money wasted should be born in its entirety by the wrongdoer, APIC. The Court should impose an equal sum as sanctions under the Rules. The Rules are replete with authority to redress this abusive discovery conduct.

The Court's inherent authority derives from Rule 1, F.R.Civ.P., which directs that the Rules should be construed and administered to secure the just, speedy and inexpensive determination of every action.

Rule 11(b), F.R.Civ.P., requires that every motion be signed and certified that it is not being presented for an improper purpose, that the representations and contentions are warranted, and the factual contentions have evidentiary support. This applies not only to filing but also to the future advocacy of a position. Rule 11 has teeth and authorizes the Court on its own initiative to order a party to show cause why the have not violated Rule 11(b). If a party has violated Rule 11

the Court may impose sanctions in addition to the costs incurred. In this case the Court held a show cause hearing, and struck Schroeder's deposition from the record. The issue of costs, fees and sanctions remains outstanding.

Rule 26, F.R.Civ.P., includes the same certification requirements specifically for discovery and goes further stating sanctions must be imposed and may include the reasonable expenses, including attorney fees, caused by the violation. Rule 37(a)(5), F.R.Civ.P., authorizes sanctions if a party fails to attend a deposition or to answer a question. The rules provides that an evasive or incomplete response must be treated as a failure to respond. "If the motion is granted * * * the court must, after giving an opportunity to be heard * * * pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Both Rule 26 and 37 have been amended to require some penalty for a party who abuses the Rules of discovery.

**2. The Court should shift the burden of and punish APIC's discovery abuses**

The Court has already found that APIC's counsel's discovery abuses warrant the most severe remedy, i.e. striking the entire deposition from the record. Mrs. McColl now must retake the deposition of Ms. Schroeder wasting the costs and fees she invested to depose her the first time. This alone will not cure the prejudice to her access to timely and fair discovery. Sanctions are warranted.

Discovery started in earnest August 10, 2017 and ended February 9, 2018. The deadline was extended to February 23, 2018 and that date too has passed. The deadline was extended a third time and ends June 8, 2018. Due to APIC's actions Mrs. McColl has not yet been able to take a single deposition over 7 months. She still doesn't have the unredacted Claims File Notes, a Privilege Log that complies with the Rules or an identification of what other discovery exists.

The effect of APIC's discovery abuses have infected every corner of this case and continue with the evidence improperly withheld in discovery.

APIC lost two attorneys so far and its misconduct continues unrestrained.

APIC got ANC aka APIS dismissed from the case and the Judgment by default set aside by representing "that it is the sole entity that insured and adjusted the claim in the underlying action." *Stipulated Motion to Amend; Document 31.* APIC just admitted in discovery that this is not true.

> Request for Admission No. 9: Admit Allied Professionals Insurance Services adjusted Tina McColl's claim against Dr. Michael Lang on behalf of Allied Professionals Insurance Company.
> Response: Admit.

*APIC's Responses to Second Requests to Admit, p. 2; Document, 92-1.*

In response to the motion to compel, APIC represented to the Court "[a]t no time was the witness directed not to answer a question."*Response to Motion, p. 23; Document 51, p. 29.* This too isn't true. The deposition transcript even includes a special cover page listing the exhibits and "questions witness instructed not to answer: page 23, line 9." *Deposition of Schroeder, p. 4.*

> Q: What's your understanding of the Ridley obligation in Montana?
> MR. KADISH: Objection. She's here as a factual witness and not as an expert on the law. I'm going to object as calls for a legal conclusion.
> Q: You can answer.
> MR. KADISH: No. Actually, to the extent the objection is made and calls for a legal conclusion, I'm going to instruct her not to answer, as it calls - - you're here today as a factual , percipient witness.

*Deposition of Schroeder, p. 23, ln 9-19.* It defies reason why APIC would argue "[a]t no time was the witness directed not to answer" when she was. APIC also argues "relatively few objections were made following an initial break." but the transcript reveals 76 objections were made with 68 after the initial break.

APIC opposed reopening the deposition representing "Sara Schroeder responded to every question at the deposition." *Response to Motion, p. 29.* This simply isn't so. Counsel Kadish instructed Schroeder not to answer when asked about the *Ridley* obligation in Montana. As an attorney adjusting an insurance claim in Montana she was obliged to understand and comply with *Ridley*. Kadish would not allow her to be asked about it.

Ms. Schroder also asserted a lack of understanding to a large number of questions including:

> "[Is] liability reasonably clear if Dr. Lang applied black salve and burned a hole in Tina McColl's nose?" *Deposition of Sara Schroeder, p. 6, ln 15-17.*
>
> "Do you know if liability is reasonably clear if Dr. Michael Lang accidentally burnt a hole in Tina McColl's nose." *Id p. 8, ln 2-4.*
>
> "Were one of you primarily in charge of the file." *Id p. 9, ln 14-15.*
>
> "Did you open the claims notes for Tina McColl?" *Id, p. 14, ln 8.*
>
> "Who made the decision about the liability for Tina McColl's claim against Dr. Michael Lang?" *Id p. 15, ln 5-6.*
>
> "Who made the decision regarding Dr. Lang's liability for Tina McColl's claim?" *Id, p. 17, ln 8-9.*
>
> "Do you know whether there was a decision made regarding liability?" *Id, p. 17, ln 22.*
>
> "If Dr. Lang accidentally burned a hole in Tina McColl's face, would liability be reasonably clear in your mind as the claims adjuster?" *Id, p. 70, ln 5-7.*

In response to each of these questions attorney Schroeder did not provide a response as represented by APIC but professed not to understand the question. Ms. Schroeder also said she didn't recall over thirty times. She expressed a lack of understanding regarding Montana law, claims adjustment and claims decisions. This is troubling because APIC identified Ms. Schroeder as someone involved in the decision making during the adjustment of the claim. She set the reserves and conveyed the claims decisions and negotiations.

The objections and conduct set forth above are representative of the entire deposition which abruptly ended when it was clear Ms. Schroeder could not discuss her claims handling without her Claims Notes. A record was made of McColl's intent to ask the Court to reopen the deposition at defendant's expense. The Court should now shift the reasonable fees onto APIC who abused discovery.

**3. Mrs. McColl's costs and fees that APIC wasted due to its discovery abuses are reasonable**

Mrs. McColl's invoice for costs and fees would not have been incurred but for APIC's misconduct. In other words, all of the costs and fees were necessary to depose Ms. Schroeder, to bring the abuses before the Court and to establish the reasonableness of those fees. Any preparation time that may be recycled, as it were, have been excluded from the fees claimed. Under the loadstar approach the fees are based on the contractual reasonable hourly rate and the time invested was reasonable. The Court should order APIC to pay these reasonable costs and fees. It should reject APIC's claim that the time is "overstated."

The Court uses the loadstar method for determining reasonable attorney fees. *Redding v. Prosight Specialty Mgmt. Co., CV-12-98-H-CCL, p. 94 (D. Mont. File February 27, 2015) citing Gonzalez v. City of Maywood, 729 F.3d 1196 (9th Cir. 2013).* The computation is a reasonable number of hours multiplied by a reasonable hourly rate. *Id citing Sorenson v. Minsk, 239 F.3d 1140 (9th Cir. 2001).* The Court also considers the 12 *Kerr* factors. *Id citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975).*

The Lodestar method is subject to an exception for sanctions imposed upon "contumacious and contentious counsel acting in bad faith." *Id citing Primus Auto. Fin. Servs. Inc. v. Batarse, 115 F.3d 644 (9th Cir. 1997); Cooke v. United States, 267 U.S. 517 (1925).* The Court has authority to impose attorney fees as sanctions under Rules 11, 26, 37 and its inherent powers derived from Rule 1. "The Court's inherent powers allow it to 'protect[] the due and orderly administration of justice and maintain[] the authority and dignity of the court." *Id.* To sanction under inherent powers the court must make an explicit finding of bad faith. A finding of bad faith is appropriate when an attorney knowingly or recklessly raises frivolous arguments or objections. *Redding at 96.*

Rule 11 and Rule 26 allow the Court to impose sanctions, including the costs and fees incurred, after giving the party an opportunity to be heard. The Court heard APIC's excuses and struck the deposition from the record. Those Rules now provide authority for the relief Mrs. McColl requests.

Rule 37(a)(5)(A) goes further and says the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

Mrs. McColl submitted an invoice for the costs together with attorney fees for the time spent preparing for and taking the deposition of Sara Schroder. Mrs. McColl offered to reduce the bill by 16% from $41,280 to $34,500. APIC rejected the offer and paid just 8% of the invoice saying the bill was "overstated." Mrs. McColl continued her good faith efforts to resolve this dispute by suggesting the parties could agree to save the cost of experts, formal briefing or a hearing. APIC rejected all of these requests. The Invoice for the time spent preparing for, traveling to and taking the deposition together with the time spent on the motion to compel and this briefing is attached as Exhibit A. Under the loadstar method these fees are reasonable and are based on a reasonable contractual hourly rate.

In determining an appropriate fee award, the Court first calculates the lodestar figure by multiplying the reasonable hourly rate by the number of hours reasonably expended. After determining the product of the lodestar calculation, the Court may adjust the award upward based on one or more of the factors set forth in *Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975)*. These include:

1. The time and labor required to address the discovery abuses.
2. The novelty and difficulty of the issues created by the defendant's misconduct.
3. The skill required to perform the task properly.
4. The attorney's inability to accept other work.

5. The customary fee for the work.
6. Whether attorney is guaranteed a fee for the work.
7. The time sensitive nature of the discovery dispute.
8. The results obtained.
9. The experience, reputation and ability of the attorneys.
10. The 'undesirability' of the case or the issues.
11. The relationship between attorney and client.
12. Attorney fee awards in similar cases.

The *Kerr* factors support a finding that the fees claimed are reasonable.

The hourly fee charged for the work performed is the hourly fee contracted between Mrs. McColl and counsel at the outset of the case. The $350 hourly fee for a case contingent upon the outcome is reasonable for an attorney with near 20 years of experience in the federal district courts of Montana. *Declaration of Alan F. Blakley, p. 3; Exhibit B.*

The time invested in taking the deposition of Sara Schroeder and briefing the motion to compel were reasonable. *Id.* The time and labor required to address the discovery abuses were reasonable and justified given the rancorous conduct of defense counsel both in the deposition and in briefing. *Declaration of Blakley, p. 3*. McColl's counsel was opposed by APIC's four attorneys at the deposition and had to oppose their efforts seeking to thwart discovery. *Id at p. 4.*. The briefing also appears to be the product of at least three of those attorneys and was compounded by less than forthcoming representations to the Court. *Id.* The deponent is a graduate of Harvard Law School and appeared to be skilled in deposition tactics. *Id.* The issues created by defendant's misconduct were hard fought and strenuously defended. The skill required to oppose these efforts was significant. *Id.* Counsel could not accept or employ himself on other work because he had a commitment to honor to Mrs. MCColl. *Id.* The fees are within the range of customary fees charged supported by the State Bar of Montana survey on fees and recent decisions of the District of Montana. *Id.* The time sensitive nature of the discovery dispute was heightened by the Court's scheduling order that requires discovery disputes to be brought within ten days of the conclusion of

the efforts to meet and confer. *Id.* The results obtained justify the costs and fees claimed. *Id.* But for APIC's conduct and its persistence in refusing to alter its course of conduct, the deposition, motion and hearing would not have been necessary. Counsel has a good reputation and is experienced in insurance bad faith litigation. *Id.* APIC's conduct was most egregious and appears to be done in bad faith. *Id at p. 5.* The reported fee awards for attorney misconduct in the District of Montana fully supports the award. *Id.*

For these reasons Tina McColl respectfully requests the Court order APIC to pay Mrs. McColl's reasonable costs, attorney fees and an equal amount as sanctions for its intentional discovery abuses.

DATED this 5th day of March 2018

/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff

**CERTIFICATE OF COMPLIANCE**

I hereby certify this brief complies with the word length limits of Local Rule 7.1(d)(2), United States District Court for the District of Montana, and contains (less than 6,000) 4,897 words according to the word count of WordPerfect 12 excluding caption and certificates of service and compliance.

/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March 2018 I caused a true and correct copy of the foregoing document to be served upon the opposing party or counsel by electronic filing and via United States Mail, First Class mail, postage prepaid and addressed as follows:

Calvin J. Stacey, Esq.
Stacey & Funyak
100 North 27th, Suite #700
Billings, Montana 59101

ANGEL LAW FIRM

/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff