Geoffrey C. Angel
ANGEL LAW FIRM
803 West Babcock
Bozeman, Montana 59715
Telephone (406) 922-2210
Facsimile (406) 922-2211
christianangel@hotmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| TINA McCOLL, | ) | Cause Number CV-17-40-H-SEH |
| Plaintiff, | ) | DECLARATION OF ALAN F. BLAKLEY |
| vs. | ) | |
| ALLIED PROFESSIONALS INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

STATE OF COLORADO )
                   : ss
County of Boulder  )

Alan F. Blakley, upon oath, swears and affirms as follows:

1. My name is Alan F. Blakley and I make this declaration in support of the Plaintiff's Motion to Compel that seeks attorneys' fees and sanctions due to Allied Professionals Insurance Company's discovery abuses that caused the Court in the hearing to show cause held December 15, 2017 to strike the deposition of the insurer's adjuster Sara Schroeder from the record.

2. I make this affidavit of my own knowledge, information and belief.

3. I am admitted to practice in the courts of the state of Montana and have been so admitted since 1991. I am admitted to practice in the State of Colorado, the United States District Courts of Montana, District of Colorado, the Western District of Michigan, the First,

Second, Fourth, Fifth, Sixth, Ninth and Tenth Circuit Courts of Appeals, the United States Court of Federal Claims, the Courts of Appeals for the Federal Circuit and for the Armed Forces and the United States Supreme Court.

4. I have written more than five books on discovery and numerous articles on discovery in both law reviews and more "popular" legal publications.

5. In determining an appropriate fee award, Courts first calculate the lodestar figure by multiplying the reasonable hourly rate by the number of hours reasonably expended.

6. After determining the product of the lodestar calculation, the Court may adjust the award upward based on one or more of the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These include:

   a. The time and labor required to address the discovery abuses.
   b. The novelty and difficulty of the issues created by the defendant's misconduct.
   c. The skill required to perform the task properly.
   d. The attorney's inability to accept other work.
   e. The customary fee for the work.
   f. Whether attorney is guaranteed a fee for the work.
   g. The time sensitive nature of the discovery dispute.
   h. The results obtained.
   i. The experience, reputation and ability of the attorneys.
   j. The 'undesirability' of the case or the issues.
   k. The relationship between attorney and client.
   l. Attorney fee awards in similar cases.

7. The Court can also impose an additional amount as sanctions under the Court's inherent power under Rule 1 and under Rule 11, Rule 26 and Rule 37, F.R.Civ.P.

8. I have reviewed the transcript of the deposition of Sara Schroeder, the briefs on the motion to compel and the orders of the Court.

9. I have also reviewed surveys from the Montana Bar Association concerning hourly attorneys' fees charged in Montana and recent District of Montana cases and find the rate charged by Mr. Angel to be within standard rates.

10. I am also informed that Mrs. McColl agreed to the hourly rate at the outset of the case.

11. I also find that the amount of time that Mr. Angel was required to expend dealing with discovery abuses that should never has occurred to be reasonable, if not low. For instances, the first document purporting to be a Privilege Log - - that was not even provided with the discovery responses - - is so scant that it could never satisfy the requirements of the rules. Any Montana licensed attorney would understand this to be an insufficient basis to withhold otherwise discoverable information.

12. The hourly fee charged for the work performed is the hourly fee contracted between Mrs. McColl and counsel at the outset of the case.

13. The $350 hourly fee for a case contingent upon the outcome is reasonable for an attorney with nearly 20 years of experience in the federal district courts of Montana.

14. The time invested in taking the deposition of Sara Schroeder and briefing the motion to compel were reasonable.

15. The time and labor required to address the discovery abuses were reasonable and justified given the rancorous conduct of defense

counsel both in the deposition and in briefing.

16. McColl's counsel was opposed by APIC's four attorneys at the deposition and had to oppose their efforts seeking to thwart discovery.

17. The briefing also appears to be the product of at least three of those attorneys and was compounded by less than forthcoming representations to the Court.

18. The deponent is a graduate of Harvard Law School and appeared to be skilled in deposition tactics.

19. The issues created by defendant's misconduct were hard fought and strenuously defended.

20. The skill required to oppose these efforts was significant.

21. Counsel could not accept or employ himself on other work because he had a commitment to honor to Mrs. MCColl.

22. The fees are within the range of customary fees charged supported by the State Bar of Montana survey on fees and recent decisions of the District of Montana.

23. The time sensitive nature of the discovery dispute was heightened by the Court's scheduling order that required discovery disputes to be brought within ten days of the conclusion of the efforts to meet and confer.

24. The results obtained justify the costs and fees claimed. But for APIC's conduct and its persistence in refusing to alter its course of conduct, the deposition, motion and hearing would not have been necessary.

25. Counsel has a good reputation and is experienced in insurance bad faith litigation.

26. APIC's conduct was most egregious and appears to be done in bad faith. The reported fee awards for attorney misconduct in the District of Montana fully supports the award.

Further Declarant Saith Not.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746(2) I declare under penalty of perjury that the foregoing is true and correct.

DATED this 5th day of March 2018

_____
Alan F. Blakley, Esq