1  **Geoffrey C. Angel**
   **ANGEL LAW FIRM**
2  **803 West Babcock**
   **Bozeman, Montana 59715**
3  **Telephone (406) 922-2210**
   **Facsimile (406) 922-2211**
4  **christianangel@hotmail.com**

5  **Attorney for Plaintiff**

6

7               **IN THE UNITED STATES DISTRICT COURT**
                 **FOR THE DISTRICT OF MONTANA**
8                      **HELENA DIVISION**

9  **TINA McCOLL,**                )        **Cause Number CV-17-40-H-SEH**
                                    )
10      **Plaintiff,**             )        **DECLARATION IN SUPPORT OF**
                                    )        **ATTORNEY FEES AND COSTS**
11      **vs.**                    )        **(Geoffrey C. Angel, Esq.)**
                                    )
12 **ALLIED PROFESSIONALS**        )
   **INSURANCE COMPANY,**          )
13                                 )
        **Defendant.**            )
14
   STATE OF MONTANA )
15                      : ss
   County of Gallatin   )
16

17 Geoffrey C. Angel, upon oath, declares and affirms as follows:

18      1.    I make this affidavit of my knowledge, information and belief.

19      2.    I am a citizen of the United States, a resident of Montana and am

20            domiciled in Bozeman, Gallatin County, Montana.

21      3.    I am an attorney licensed to practice law within the State of Montana

22            and am admitted to practice in the United States Court for the District

23            of Montana, the District of Colorado, the Ninth and Tenth Circuit

24            Courts of Appeal and the United State Supreme Court.

25      4.    I make this declaration in support of the attorney fees and costs

26            arising out of defense counsel's deposition misconduct and the

27            improper redaction of certain information from discovery that

28            contributed to the difficulties in deposing Ms. Schroeder.

**DECLARATION IN SUPPORT OF ATTORNEY FEES AND COSTS;**
**PAGE 1 OF 6.**

5.      Mrs. McColl filed a motion to compel because APIC resisted production of its Claims File and resisted reopening the deposition of its attorney adjuster Sara Schroeder.

6.      APIC was withholding some adjuster/insured communications, some reserves information and some information learned from defense counsel.  Secretly, APIC was also withholding communications with a consultant and a private attorney for the insured demanding a settlement within limits.  Lastly, APIC was withholding unidentified emails and memoranda between adjusters.

7.      These disputes were fully briefed, heard in a motion to show cause, referred for findings and recommendations and heard in Billings on April 4, 2018.

8.      I filed an Invoice of the time spent to meet and confer, brief the issues surrounding the deposition and attend the hearings.  The total time on all issues was 170 hours over a period of six months.  The meet and confer activities with two different attorneys for the defense totaled 34.9 hours, preparing for and taking the deposition 28.5 hours, briefing the issues including the court ordered reports on discovery 48.9 hours, hearing practice 20.7 hours and 37 hours attempting to resolve then briefing costs and fees.

9.      After a review of the file it is my opinion the issues are inextricably intertwined so that no precise division of time can be had.  However, it is my estimation that one-half 85 hours of the time spent was exclusively and necessary due to the deposition misconduct and other withheld evidence produced in response to the motion to compel.

10.     My regular hourly fee charged for work in federal court is $350/hour and I bill in one-tenth hour increments, however, based on the Court's observations counsel agrees $300 an hours is also reasonable.

11.   I only bill for time blocks which are segregated from other work and it is my practice to bill for approximately 80% of the time worked.

12.   I frequently do not bill for telephone calls, emails or letters and many of those were not billed for in this case.

13.   My contract with Tina McColl provided for an hourly fee of $350 an hour in the event fees are recoverable or awarded by the court.

14.   At $300 an hour for 85 hours equals $25,500.  Allied already paid $4,985 of this sum.

15.   The discovery at issue was received October 10, 2017, eight business days before the deposition of Sara Schroeder which was set for October 23, 2017 in Orange, California.

16.   The time spent to meet and confer before the deposition was 18.9 hours and it is my estimation that one-half of that time 9.45 hours addressed redactions between adjuster and insured, and reserves; all necessary for a meaningful and complete deposition of the adjuster.

17.   On October 23, 2017 in preparation for the deposition I spent 6 hours reviewing the more than 4,000 pages of exhibits and comparing them with my deposition notes.  I will have to repeat this work for the next deposition in full.

18.   I did not include in the invoice and am not including here any time preparing the deposition outline because that time can be recycled in the next deposition.

19.   On October 24, 2017 I spent 8 hours traveling from Bozeman to Orange, California and spent the majority of the time reviewing my deposition notes and exhibits while traveling.

20.   On October 25, 2017 I spent 6.5 hours traveling to the deposition, setting up video equipment, taking the deposition, traveling back from the deposition and memorializing what occurred.

21.   On October 25, 2017 I spent 8 hours traveling back from Orange, California to Bozeman.

22.   The cost of airfare and hotel total $1,450 were paid and reimbursed.

23.   Between October 30, 2017 and November 15, 2017 I spent 28.2 hours doing legal research, outlining motion to compel and continuing efforts to obtain the withheld documents and reopen the deposition. I estimate one-half 14.1 hours represents the time spent to address the deposition and adjuster/insured communications.

24.   On November 21, 2017 I spent 1.3 hours objecting to the readmission of Kadish based on his deposition conduct.  The motion for readmission was denied.

25.   Between December 8, 2017 and December 12, 2017 I received the response brief and prepared a reply brief.  This took 19.4 hours.  I estimate one-half or 9.6 hours of this time was spent to address the deposition and adjuster/insured communications that should have been provided and were necessary for the deposition.

26.   On December 15, 2017 I prepared for and attended the Hearing to Show Cause which focused entirely on the deposition conduct of Kadish.  This took 8 hours.

27.   Between December 18, 2017 and January 8, 2017 the parties spent 4.5 hours to meet and conferred regarding the deposition.

28.   Between January 10, 2018 and February 7, 2018 I prepared for the hearing, brought Cal up to speed on the files and extended the deadlines to accommodate the depositions.  This took 10.4 hours.

29.   Between February 14, 2018 and March 5, 2018 I prepared, met and conferred, obtained expert testimony which the law requires for the hearing on fees.  This took 26.6 hours.  I was also charged $8,205 for the required expert testimony.

30.   Between February 20, 2018 and April 4, 2018 I prepared for the hearing and attended the hearing on the motion to compel and the motion for attorney fees.  This took 50.1 hours.

31.   There were others hours invested in deposition preparation that will be used at the upcoming deposition that have been excluded.

32.   These fees are also reasonable considering I remain personally obligated to pay the expert witness fees of $8,205 which were rejected as a recoverable cost of hearing.

Further Declarant Saith Not.

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746(2) I declare under penalty of perjury that the foregoing is true and correct.

DATED this 6th day of April 2018

/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2018 I caused a true and correct copy of the foregoing document to be served upon the opposing party or counsel by electronic filing and via United States Mail, First Class mail, postage prepaid and addressed as follows:

Calvin J. Stacey, Esq.
Stacey & Funyak
100 North 27th, Suite #700
Billings, Montana 59101

ANGEL LAW FIRM


/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff