IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TINA MCCOLL,<br><br>              Plaintiff,<br><br>vs.<br><br>ALLIED PROFESSIONALS<br>INSURANCE COMPANY,<br><br>              Defendant. | CV 17-40-H-SEH-TJC<br><br>**ORDER** |

The Court held oral argument on plaintiff Tina McColl's Motion to Compel Discovery (Doc. 44) and request for attorneys' fees and costs (Doc. 93) on April 4, 2018. In accordance with the Court's statements on the record at the hearing, the Court makes the following ORDER with respect to the unresolved issues identified in Plaintiff's Notice of Unresolved Issues (Doc. 81):

1.     Plaintiff's motion for costs and fees associated with the deposition of Sara Schroeder, which deposition U.S. District Judge Sam Haddon previously struck from the record, is **GRANTED in part and DENIED in part**. Defendant Allied Professionals Insurance Company ("APIC") shall pay reasonable costs and fees associated with the deposition. However, Plaintiff's requested fees and costs have not been properly supported.

1

Therefore, within 21 days of the date of this Order, Plaintiff's counsel shall submit to the Court an affidavit which itemizes and details the costs and fees claimed, and explains how each cost and fee relates to the deposition. If the Court cannot determine from Plaintiff's counsel's explanation how any of the costs and fees relate to the deposition, Plaintiff's counsel's request for that particular cost or fee will be denied.

Plaintiff may also include fees and costs associated with post-deposition motions and briefs which relate directly to the Schroeder deposition. If Plaintiff's counsel is claiming that part, but not all, of any particular pleading pertains to the deposition (e.g., briefing on a motion that relates both to the deposition and also to other non-deposition matters), counsel may claim only that fraction of the cost or fee associated with the deposition, and shall explain how such apportionment was accomplished. If the Court cannot determine from Plaintiff's counsel's explanation how the invoice item was apportioned, Plaintiff's counsel's request for that particular cost or fee will be denied.

APIC may file a response to Plaintiff's claimed costs and fees no later than 14 days after the date of Plaintiff's filing.

2. APIC did not waive claims of privilege relating to the adjuster claim notes produced by APIC by failing to assert them timely and adequately.

Accordingly, Plaintiff's motion to compel production of unredacted claims notes is **DENIED**.

3. APIC represented at the hearing that it has produced all claims notes without redaction, with the exception of claims notes detailing conversations it had with defense counsel in the underlying case. The Court finds that such conversations remain subject to the attorney-client privilege because APIC has not asserted an advice-of-counsel defense. Accordingly, Plaintiff's motion to produce claims notes relating to attorney-client communications is **DENIED**.

4. APIC has conceded that there is no attorney-client privilege with respect to conversations between APIC's adjuster and the insured in the underlying case, and it has represented that it has now produced all germane conversations between its adjuster and insured that previously had been redacted. Accordingly, this motion is **DENIED as moot**.

5. As discussed above in item 3, conversations between APIC and its defense counsel in the underlying case remain subject to the attorney-client privilege because APIC has not asserted defense-of-counsel as an affirmative defense. Accordingly, Plaintiff's motion to compel the production of any such communication is **DENIED**.

6. Reserve information may have some relevance to APIC's actual evaluation of the underlying claim during the claims process, and is therefore

discoverable.  *See e.g., Bernstein v. Travelers Ins. Co*, 447 F.Supp.2d 1100, 1109 (N.D. Cal. 2006); *Flintkote v. General Acc. Assur. Co. of Canada,* 2009 WL 1457974, *4 (N.D. Cal May 26, 2009); *Dogra v. Liberty Mut. Fire Ins. Co.*, 2015 WL 5086434, *2 (D. Nev. 2015 August 25, 2015); and *Paul Johnson Drywall, Inc. v. Phoenix Ins. Co.*, 2014 WL 1764126, *3 (D. Ariz. May 5, 2014).  Accordingly, Plaintiff's motion to compel the production of reserve information is **GRANTED**.  The Court takes no position at this time as to whether any reserve information ultimately may be admissible at trial.

The Court further ORDERS that Plaintiff's request for sanctions, over and above fees and costs directly attributable to Sara Schroeder's deposition as described above in item 1, is **DENIED**.  While the Court has ruled in Plaintiff's favor on some – though not all – of the issues raised in her Motion to Compel Discovery, the Court finds that APIC's objections and arguments were substantially justified, and sanctions therefore are not proper, as explained in Fed. R. Civ. P. 37(a)(5)(A)(ii) (a court "must not" order sanctions if "the opposing party's nondisclosure, response, or objection was substantially justified").

DATED this 6th day of April, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge