Calvin J. Stacey
STACEY, FUNYAK & KAUTZ
100 North 27th Street
P.O. Box 1139
Billings, Montana 59103-1139
Phone: (406)259-4545
Fax: (406)259-4540
cstacey@staceyfunyak.com

ATTORNEYS FOR DEFENDANT
ALLIED PROFESSIONALS INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION**

_____

| | | |
|---|---|---|
| TINA MCCOLL, | ) | CAUSE NO.: CV-17-40-H-SEH-TJC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S RESPONSE/** |
| v. | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **DECLARATION IN SUPPORT** |
| ALLIED PROFESSIONALS | ) | **OF ATTORNEY FEES AND COSTS** |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**INTRODUCTION**

Following the hearing on April 4, 2018 in regard to plaintiff Tina McColl's Motion to Compel Discovery (Doc. 44) and her request for attorney's fees and costs (Doc. 93), the Court issued its Order (Doc. 107) with respect to the unresolved issues identified in Plaintiff's Notice of Unresolved Issues (Doc. 81). The motion for costs and fees was in regard to the deposition of Sara Schroeder which had been previously struck from the

1

record by U.S. District Judge Sam Haddon. The Court ordered that defendant Allied Professionals Insurance Company (APIC) pay the "reasonable costs and fees and associated with the deposition" but in attempting to determine that amount, the Court stated that the requested fees and costs had not been properly supported. As a consequence, the Court ordered plaintiff's counsel to submit an affidavit itemizing and detailing the costs and fees claimed and explaining how each cost and fee related to the stricken deposition. In addition to costs and fees related to the deposition, the Court also allowed fees and costs associated with post-deposition motions and briefs that related "directly to the Schroeder deposition". However, in regard to all claimed costs and fees, the Court cautioned plaintiff's counsel that any particular cost or fee claimed not adequately explained so that the Court can make a determination would be denied. The Court explained in the Order, as it did at the conclusion of the hearing, that any fees and costs associated with post-deposition motions and briefs that may relate both to the deposition and also other non-deposition matters would have to be apportioned by counsel and if the Court could not determine from counsel's explanation how the invoice item was apportioned, that particular cost or fee would also be denied.

After reviewing the Declaration in Support of Attorney Fees and Costs (Doc. 106), APIC respectfully contends that for the most part, plaintiff's counsel has failed to comply with the Court's Order and adequately explain and document the attorney fees and costs not only related to the deposition of Sara Schroeder but also post-deposition motions and briefs directly related to her stricken deposition. For the most part, plaintiff's counsel has

elected to estimate attorney fees without adequately explaining their relationship to the taking of the deposition or post-deposition motions and briefing. Instead, plaintiff's counsel estimates that 85 hours' worth of work is related directly to the deposition of Sara Schroeder or post-deposition motions and briefs and at a reduced hourly rate of $300.00 per hour, the total sum requested is $25,500.00. With a credit that APIC has already paid of $4,985.00, the total requested is $20,515.00.[1]  This amount is not reasonable on its face. APIC's previous payment of over $5,000.00 is much closer to the reasonable attorney fees to be allowed.

APIC respectfully requests that the Court disallow most of the requested attorney fees and costs on the basis that plaintiff's counsel has failed to adequately explain their relation to the deposition and post-deposition motions and briefs and to the extent the Declaration does provide a basis for an award of attorney fees and costs, that award be limited as follows:

### NONDOCUMENTED UNSUPPORTED AND UNRELATED FEES

In paragraph 8 of the Declaration (Doc. 106), plaintiff's counsel states that the total time spent on "**all issues**" was 170 hours over a period of **six months**. This total apparently is based upon the last Invoice (Exhibit A) submitted at the time of the hearing showing entries beginning October 10, 2017 and ending through the date of the April 4,

---

[1] Plaintiff's counsel misstates the amount that APIC has previously paid. As evidenced at the time of the hearing, two checks were issued ($4,985.00 and $637.20) totaling $5,622.20. This amount should be credited towards any award entered by the Court.

2018 hearing totaling $69,028.50. The explanation given of the breakdown of the 170 hours was that 34.9 hours was spent in regard to "meet and confer activities", 28.5 hours for "preparing for and taking the deposition", 48.9 hours for briefing issues including Court ordered reports on discovery, 20.7 hours for "hearing practice" and 37 hours "attempting to resolve then briefing costs and fees." From that explanation, APIC respectfully contends that at a minimum only the hours for "preparing for and taking the deposition" are described as being related to the deposition of Sara Schroeder. As further explanation, plaintiff's counsel states that it is his opinion "the issues are inextricably intertwined so that no precise division of time can be had" in regard to complying with the Court's Order to apportion and document time related to not only the taking of the deposition of Sara Schroeder but post-deposition motions and briefs. With that explanation given, plaintiff's counsel estimates that one-half of the time spent over a six month period of time, "85 hours" was "exclusively and necessary due to the deposition misconduct **and other withheld evidence produced in response to the motion to compel.**" (¶9 of Declaration- emphasis added).

The 85 hour request is admittedly an estimated amount of time which APIC respectfully contends does not meet the criteria set forth by the Court in its Order so that the Court can determine whether or not the request should be granted or denied. More importantly, as evidenced at the time of the hearing and found in the Declaration as well (¶9), time reported by plaintiff's counsel and requested to be awarded in this matter is for time spent on other non-deposition related matters including those discussed in Plaintiff's

4

Motion to Compel Discovery (Doc. 44) and the Brief filed in support (Doc. 45). Instead of at least attempting, as the Court has ordered, to apportion the time spent in regard to deposition related matters as contrasted with issues raised in the Motion to Compel (i.e., attorney-client and reserve redactions in the claims file), plaintiff's counsel has simply estimated the time spent related to the Sara Schroeder deposition because "the issues are inextricably intertwined" so it is apparently impossible to do so. APIC contends that this does not meet the requirements of the Court's Order but is also not accurate and as a consequence, the attorney fees and costs should be denied in their entirety.

APIC readily recognizes that the Court has ordered it to pay plaintiff and plaintiff's counsel the reasonable attorney fees and costs associated with the striking of Sara Schroeder's deposition. That is why APIC has previously paid the sum of $5,622.20. In reviewing the Declaration and trying to determine what is related and more importantly documented and reasonable, APIC, although not having the burden to do so makes the following observations to the Court if an award is going to be made:

## DEPOSITION PREPARATION

The Declaration states that 6 hours were spent on October 23, 2017 reviewing more than 4,000 pages of exhibits and comparing them with counsel's "deposition notes" and that this work will be repeated for the second deposition of Sara Schroeder. Six hours would appear to be reasonable and related to the taking of the deposition of Sara Schroeder. (¶17)

5

Plaintiff's Declaration states that on October 24, 2017, 8 hours were spent traveling from Bozeman to Orange California for the deposition and the majority of the time reviewing deposition notes and exhibits while traveling. Eight hours appears to be reasonable and related to the taking of the deposition of Sara Schroeder although no documents like an airplane itinerary has been provided. (¶19)

Plaintiff's Declaration states that on October 25, 2017, 6.5 hours were spent traveling to the deposition in Orange, setting up video equipment, taking the deposition, traveling back from the deposition and memorializing what occurred. (¶20). Although the deposition of Sara Schroeder, as evidenced at the time of the hearing, lasted three hours, APIC recognizes that additional time would have been needed prior to the deposition which began at 9:00 a.m. and following the deposition, some additional time would have been spent as well related to her deposition. APIC will accept 6.5 hours as being related to the taking of the deposition of Sara Schroeder.

Plaintiff's Declaration states that on October 25, 2017, 8 hours were spent traveling from Orange, California to Bozeman (¶21). There is no documentation as to how much time was spent traveling on that date and this amount along with the 6.5 hours related to the deposition on the same day would indicate that 14.5 hours were spent on the deposition of Sara Schroeder on October 25, 2017. Although this total amount of time may be a little high, APIC will leave it to the discretion of the Court as to whether or not it has been adequately documented.

In summary, in regard to the actual preparation and taking of the deposition of Sara Schroeder, APIC suggests, if an award is going to be made based upon the documentation before the Court, the maximum amount of hours to be allowed would be 28.5 hours. This amount, at $250.00 per hour totals $7,125.00. If the Court decides $300.00 per hour is the reasonable hourly rate, the amount is $8,550.00.

## POST-DEPOSITION FEES

Plaintiff's Declaration estimates that one half of the time spent between October 30, 2017 and November 15, 2017 (14.1 hours) represents the time "spent to address the deposition and adjuster/insured communications" (¶23). Again, this estimation does not meet the Court's requirement for adequately documenting the time related to the post-deposition motions and briefing. Plaintiff admits that the time includes "adjuster/insured communications". This entire amount should be rejected.

The November 15, 2017 date referenced by plaintiff's counsel is the date of the filing of plaintiff's Motion to Compel Discovery (Doc. 44) and the supporting Brief (Doc. 45). In reviewing those filings, it is clear, as evidenced at the time of the hearing that the vast majority of the time spent in preparing the Motion to Compel Discovery and Brief relates to non-Sara Schroeder deposition issues. The primary focus of the Motion to Compel was upon the issues related to the redacted Claims File and specifically the redactions based upon the attorney-client privilege including communications between APIC and counsel retained to represent its insured, Dr. Lang as well as redactions related to reserves. In reviewing the Motion to Compel, only a small portion of the Motion to

7

Compel relates to the taking of the deposition of Sara Schroeder. Plaintiff's Brief in Support of her Motion to Compel (Doc. 45) is seventeen pages in length however roughly only three of those pages are devoted to the Sara Schroeder deposition (less than 25%). The non-Sara Schroeder deposition issues (attorney-client privilege and reserves) were ones in which more extensive briefing and analysis and argument was made than those related to the deposition. Looking at the Invoice (Exhibit A), the entries that pre-date November 15, 2017, the date of the filing of the Motion to Compel, which in part discuss apparently this motion include 11/7/2017 (5.8 hours); 11/14/2017 (8 hours); and 11/15/2017 (4.9 and 1.7 hours). However, when reviewing those entries, it is clear that the time spent included matters unrelated to drafting the Motion to Compel (i.e. file review and planning, outline deposition on 11/7/2017, letter, discovery on 11/14/2017, telephone conference on 11/15/2017). Without a detailed apportionment, APIC is guessing at how much time would be actually apportioned to the drafting of the Motion to Compel and Brief related solely to the Sara Schroeder deposition, something the Court has indicated would not be acceptable and would require rejection of the time claimed. In reviewing the Motion to Compel as well as the Brief, if the Court is inclined to award something for the time spent in regard to the Sara Schroeder deposition issue, APIC suggests two hours total for not only the filing of the Motion to Compel as well as any related filings (i.e. Reply Brief).

**12/15/17 HEARING**

As the Court knows, on December 15, 2017, the Court conducted a Hearing to Show Cause in regard to Plaintiff's Motion to Compel Discovery. The transcript of that hearing (Doc. 105) indicates that he hearing began at 11:00 a.m. in Helena and ended less than 30 minutes later at 11:27 a.m.  The hearing was conducted because of the dispute between the parties in regard to facts leading up to the filing of the Motion to Compel.  Plaintiff's counsel in his Declaration indicates that preparation for and attending the hearing took 8 hours (¶26).  Travel from Bozeman to Helena and back is approximately three hours. Adding two hours for preparation and one half hour for the hearing itself, APIC suggests that 5.5 hours is a reasonable amount of time spent associated with the Sara Schroeder deposition in respect to the December 15, 2017 hearing.

**UNDOCUMENTED UNRELATED FEES**

Plaintiff's Declaration starting with ¶27 and ending with ¶30 describes estimated time associated with meeting and conferring issues, bringing current defense counsel "up to speed on the files", discovery issues including the scheduling of depositions and preparing for the April 4, 2018 hearing as well as attending the hearing.  APIC respectfully contends that these claimed fees should be denied not only for the reason that they are not documented as required by the Court but also for the reason that they are clearly not related to the taking of the deposition of Sara Schroeder and the post-deposition related matters.

## HOURLY RATE

Plaintiff's counsel has reduced his required hourly fee from $350.00 to $300.00 per hour. Testimony at the time of the hearing revealed that hourly rates between $250.00 and $300.00 would be considered reasonable. APIC will leave to the Court's discretion the hourly rate to be set in this matter.

## CONCLUSION

Based upon the above calculations, APIC respectfully contends that if the Court determines that some of the requested time by Plaintiff's counsel has met the requirements of the Court's Order so that it can be fairly determined as to whether or not it is related to the taking of Sara Schroeder's deposition and post deposition related matters as well, the following is suggested analysis that is favorable to Plaintiff despite the lack of documentation:

|    | **DESCRIPTION**                  | **HOURS** |
|----|----------------------------------|-----------|
| 1. | Preparation and taking deposition | 28.5      |
| 2. | Motion to Compel                 | 2         |
| 3. | 12/15/17 Hearing                 | 5.5       |
|    | **TOTAL**                        | **36**    |
|    |                                  | **36 x $250.00 = $9,000.00** |
|    |                                  | **36 x $300.00 = $10,800.00** |

APIC, by making the above suggestion, obviously does not suggest the Court that Plaintiff should be awarded attorney fees and costs that have not been documented as required by the Court and therefore perhaps just a few thousand dollars more than what

APIC has previously paid is fair under those circumstances. It should also be noted that Exhibit A, the Invoice submitted at the time of the hearing apparently does not include attorney fees for time spent on other issues in this case such as the filing of motions and briefing related to APIC's Motion for Partial Summary Judgment as well as Plaintiff's request to add additional parties and entry of a default judgment. APIC did not have the opportunity to examine Plaintiff's counsel in regard to his Invoice. APIC respectfully contends that the Invoice relied upon by Plaintiff's counsel is extremely high without taking into consideration anything else and that simply cutting it by 50% does not provide this Court with the factual basis to award attorney fees and costs.

**DATED** this 18th day of April, 2018.

STACEY, FUNYAK & KAUTZ

By:    /s/ Calvin J. Stacey
      Calvin J. Stacey, Attorneys for
      Defendant Allied Professionals
      Insurance Company


## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2018 a true and correct copy of the foregoing ***Defendant's Response/Opposition to Plaintiff's Declaration in Support of Attorney Fees and Costs*** was served upon the following person(s) by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Email |

1. Clerk of Court

2. Geoffrey C. Angel
   Angel Law Firm
   803 West Babcock
   Bozeman, Montana 59715

STACEY, FUNYAK & KAUTZ

By: __/s/ Calvin J. Stacey__
     Calvin J. Stacey, Attorneys for
     Defendant Allied Professionals
     Insurance Company