IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TINA MCCOLL,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ALLIED PROFESSIONALS INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | CV 17-40-H-SEH-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Tina McColl ("Plaintiff") brings this action against Defendant Allied Professional Insurance Company ("Allied") for bad faith insurance practices under Montana's Unfair Trade Practices Act (the "UTPA"). (Doc. 6.)

Judge Haddon has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 76, 82.) Presently before the Court are: (1) Allied's Motion for Partial Summary Judgment (Doc. 52), and (2) Plaintiff's Motion for Joinder by Amended Complaint. (Doc. 74.) These motions are fully briefed and ripe for the Court's review. (Docs. 53, 54, 66, 70, 72, 75, 83, 88, 118.)

Having considered the parties' submissions, the Court **RECOMMENDS** Allied's Motion for Partial Summary Judgment be **GRANTED**, and Plaintiff's Motion for Joinder by Amended Complaint be **GRANTED IN PART** and **DENIED IN PART**, as set forth below.

1

I.  **FACTUAL BACKGROUND**[1]

Allied insured Dr. Michael Lang, a naturopathic physician, under a professional liability policy.  Plaintiff was treated by Dr. Lang.  Plaintiff presented a claim for damages against Dr. Lang for professional negligence on grounds that he applied "black salve" to her nose, which burned a third-degree, 4 mm deep hole in her nose.  Ultimately, the matter proceeded to trial, and a jury rendered a verdict against Dr. Lang in the amount of $138,853.00.  (Doc. 36.)

This lawsuit arises out of Allied's conduct relating to Plaintiff's claim for professional negligence against Dr. Lang.  (Doc. 6.)  Plaintiff alleges Allied failed to timely and adequately investigate, negotiate and pay Plaintiff's damages, despite the fact liability was reasonably clear.  Specifically, Plaintiff claims Allied violated the UTPA in the following ways: (1) misrepresenting pertinent facts or insurance policy provisions in violation of Mont. Code Ann. § 33-18-201(1); (2) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of § 33-18-201(4); and (3) engaging in conduct that was dilatory in nature in violation of §§ 33-18-201(6) and (13.)  (Doc. 6 at ¶¶ 30-32.)

---

[1] The background facts are taken from Allied's Statement of Undisputed Facts (Doc. 54), Plaintiff's Statement of Disputed Facts (Doc. 70), the record of the hearing before District Judge Sam E. Haddon on June 14, 2017 (Doc. 116), and the record in this case, and are undisputed except where indicated.

2

Plaintiff also alleges Allied's adjuster, Sara Schroeder was practicing in Montana without a license and contrary to law. (*Id.* at ¶¶ 22-25.)

On November 2, 2015, Plaintiff filed a complaint in state court. (Doc. 5.) Plaintiff initially named American Naturopathic Council ("ANC") as the defendant. (*Id.*) On December 20, 2016, an Amended Complaint was filed. (Doc. 6.) The Amended Complaint designated "American Naturopathic Council, a trademark of Allied Professionals Insurance Company" as the defendant. (*Id.*) Thereafter, the following events occurred:

- On March 7, 2017, default was entered against ANC in state court. (Doc. 4 at 1, 20.)
- On March 24, 2017, Plaintiff filed a motion for default judgment in state court. (Doc. 4 at 1, 39-40.)
- On March 31, 2017, a Notice of Removal was filed in this Court. (Doc. 1.) The Notice of Removal was docketed in the state court on April 3, 2017. (Doc. 4 at 1, 21.)
- On April 4, 2017, the state court entered default judgment against ANC in the amount of $436,041.00. (Doc. 4 at 1, 47.)

After removal, Plaintiff filed a motion to remand. Allied also filed a motion to set aside the default and default judgment, and a motion to quash summons or for dismissal. (Docs. 2, 10, 12.) A hearing on the motions was held before the

Honorable Sam E. Haddon on June 14, 2017. (Docs. 24, 116.) Judge Haddon denied the motion to remand and granted the motion to set aside the default. (Docs. 25, 116.) The motion to quash or for dismissal was denied as moot. (Doc. 116 at 23.) With regard to the motion to set aside the default judgment, Judge Haddon found the Notice of Removal was timely filed; that the state court lost jurisdiction on April 3, 2017; and thus, the state court did not have jurisdiction to enter default judgment on April 4, 2017. (Doc. 116 at 20, 22, 36.) Therefore, Judge Haddon determined the default judgment should be set aside. (*Id.* at 38.) Judge Haddon further found that there was good cause to set aside the default and default judgment under the Ninth Circuit's three-factor test. (*Id.* at 38-40.) Accordingly, the default and default judgment entered in state court were set aside. (*Id.* at 39-40.)

On July 31, 2017, Plaintiff filed a stipulated motion to amend the caption to remove ANC and identify only Allied Professional Insurance Company ("Allied") as the defendant. (Doc. 30.) The stipulation was based upon Allied's representation that it was the sole entity that insured and adjusted the claim in the underlying action. (*Id.*) The Court granted the motion on August 4, 2017. (Doc. 34.)

Subsequently, at Ms. Schroeder's deposition, she testified that she is an employee of Allied Professionals Insurance Services ("APIS"), which adjusts

4

claims on behalf of Allied.  (Doc. 54-3 at 4.)  APIS is the registered owner of the trademark ANC.  (Doc.75-1.)

## II.    MOTION FOR PARTIAL SUMMARY JUDGMENT

Allied moves for partial summary judgment on Plaintiff's claims for misrepresentation under the UTPA, as well as her allegations regarding adjustor licensure.  Allied argues the misrepresentation claim fails as a matter of law because Plaintiff does not identify any policy provisions or facts that were misrepresented in her Amended Complaint, pleadings, discovery responses, or deposition.  Allied also contends Plaintiff's adjuster licensure allegations fail because Ms. Schroeder was exempt from Montana's licensure requirements.

In response, Plaintiff points out that she has only brought a single count under the UTPA.  From this, she asserts the motion is, in substance, a motion in limine, which seeks to exclude certain evidence relevant to the UTPA claim.  Plaintiff further argues there are genuine issues of material fact regarding whether Ms. Schroeder misrepresented the results of her investigation.  Plaintiff also contends Ms. Schroeder was not exempt from Montana's licensure requirements, and the fact she was not licensed is probative of her ability to adjust the claim in good faith.

/ / /

/ / /

### A. Legal Standard

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact. *Kennan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (*citing Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)).

**B.    Discussion**

As an initial matter, the Court finds Allied's motion is properly addressed as a dispositive motion, and not a motion in limine. "A party may move for summary judgment, identifying each claim or defense – *or the part of each claim or defense* – on which summary judgment is sought." Fed. R. Civ. P. 56(a). Here, allied has permissibly moved for summary judgment on parts of Plaintiff's single UTPA claim. Thus, the Court will consider Allied's motion pursuant to the standards applicable to motions for summary judgment.

1.    <u>Misrepresentation</u>

The UTPA provides that an insurer may not "misrepresent pertinent facts or insurance policy provisions relating to coverages at issue." Mont. Code Ann. § 33-18-201(1). By its plain language, the UTPA expressly links "misrepresentation" to "coverage." *Id.* The Montana Supreme Court has so recognized. In *Lorang v. Fortis Ins. Co.*, 192 P.3d 186 (Mont. 2008), the Court held that the insurer's duty

8

under § 33-18-201(1) "is simply to be truthful in its representations *regarding the coverage provisions of an insurance policy*." *Id.,* at 213 (emphasis added). The Court further instructed that "a claim of misrepresentation is determined by an objective analysis of the substance of the representation at issue." *Id.*

Here, Plaintiff's misrepresentation claim fails as a matter of law for two reasons. First, it is undisputed that Plaintiff does not allege any affirmative misrepresentation. Allied points out that neither the Amended Complaint, pleadings, nor discovery responses identify any alleged misrepresentation. (Doc. 6; Doc. 54 at ¶¶ 3-.) Further, at her deposition, Plaintiff was unable to identify any representations made by Allied to her, and acknowledged she had never spoken with anyone from Allied. (Doc. 54 at ¶ 5.) Plaintiff does not dispute these facts, other than to assert all communications with Allied went through her counsel. (Doc. 70 at ¶ 2.) Regardless, Plaintiff still failed to plead or otherwise identify any affirmative misrepresentations that were made by Allied.

Second, Plaintiff does not allege any misrepresentation relating to coverage, which is required by the UTPA. Indeed, Plaintiff concedes in her response that she "does not intend to introduce any evidence concerning the insurance policy at issue," and states "[t]here is no issue concerning coverage or limits." (Doc. 66 at 8, n.1.) Instead, Plaintiff asserts that Ms. Schroeder made misrepresentations about whether liability was reasonably clear, which allowed Allied to leverage unpaid

9

medical expenses against a settlement. (Doc. 70 at 4¶3-45.) But these assertions go to the other aspects of Plaintiff's UTPA claim – namely her claims under §§ 33-18-201(4), (6), and (13). They are insufficient to overcome the fact Plaintiff has failed to allege or identify any representation of any facts relating to coverages at issue.

Because Plaintiff has failed to identify any material facts showing there is a genuine issue for trial on her misrepresentation claim, summary judgment is appropriate.

    2.    <u>Adjuster Licensure</u>

Under Montana law, a person may not act as an "adjuster" in the state, "unless the person holds an adjuster license." Mont. Code Ann. § 33-17-301(1). However, the rule only applies to persons who are "adjusters," as that term is statutorily defined by § 33-17-102.[2] Mont. Code Ann. § 33-17-301(7). The term "adjuster" means:

> [A] person who, on behalf of the insurer, for compensation as an independent contractor or as the employee of an independent

---

[2] The statute also provides that an adjuster license is not required for "an adjuster who is sent into this state by and on behalf of an insurer . . . for the purpose of investigating or making adjustments of a particular loss under an insurance policy or for the adjustment of a series of losses resulting from a catastrophe common to all losses." Mont. Code Ann. § 33-17-301(5). Because the Court finds Ms. Schroeder does not satisfy the definition of being an adjuster, the Court need not reach whether Ms. Schroeder was exempt from the licensure requirement under this provision.

10

>contractor or for a fee or commission investigates and negotiates the settlement of claims arising under insurance contracts or otherwise acts on behalf of the insurer.

Mont. Code Ann. § 33-17-102(1)(a).

Salaried employees of an insurer are specifically excluded from the definition of "adjuster." Mont. Code Ann. § 33-17-102(1)(b)(ii) ("The term does not include a … salaried employee of an insurer or of a managing general agent.").

Here, Plaintiff does not disputed that Ms. Schroeder was a salaried employee of an insurer, Allied Professionals Insurance Services. (Doc. 54 at ¶ 7; Doc. 70.) Therefore, she was exempt from the licensure requirements of section 33-17-301. As such, Plaintiff's claims regarding adjuster licensure fail as a matter of law.[3]

Accordingly, the Court recommends Allied's Motion for Partial Summary Judgment on Plaintiff's misrepresentation claim and adjuster licensure claim should be granted.

/ / /

/ / /

/ / /

**/ / /**

---

[3] The Court cautions, however, that at this juncture it is not making any determination about whether Plaintiff may present evidence at trial that Ms. Schroeder was not licensed in Montana. Whether such evidence is relevant to Plaintiff's remaining claims under the UTPA, and ultimately admissible at trial, is an issue that is reserved for the trial court.

### III. MOTION FOR JOINDER BY AMENDED COMPLAINT

Plaintiff moves to amend the complaint to name Allied Professional Insurance Services ("APIS") as a defendant, and for leave to file a motion to reinstate the default judgment against ANC. Plaintiff contends ANC was dismissed from the case based on Allied's representation that Allied alone insured and adjusted the claim. Plaintiff asserts this was a false representation. Plaintiff has since learned that Ms. Schroeder was employed by APIS. Plaintiff also notes that APIS owns the ANC trademark. Plaintiff therefore contends APIS is a proper defendant, and the default judgment against ANC should be reinstated.

Allied argues amendment would be improper for several reasons. Allied points out that Plaintiff does not actually name APIS in the proposed Second Amended Complaint, but rather names ANC, which is a trademark. Allied asserts a trademark is not a juridical entity capable of suing or being sued. Allied further argues that reinstatement of the default judgment is not possible. Allied states that even if leave to amend were granted, the newly joined party would be entitled to file an Answer, precluding default. Further, Allied states the default against ANC was vacated because the state court lacked jurisdiction to enter it. Therefore, Allied contends the fundamental rationale for the Court's order setting aside the default is undisturbed, and remains fully binding and effective.

///

### A. Legal Standard

"Although Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it 'is not to be granted automatically.'" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738 (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Under Rule 15(a), the Ninth Circuit directs that courts consider the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* Denial of a motion to amend on futility grounds is proper if the proposed amended claim does not properly state a claim and could not be saved by any further amendment. *Hildes v. Arthur Andersen LLP*, 734 F.3d 854, 859 (9th Cir. 2013).

### B. Discussion

Plaintiff requests leave to join APIS as a defendant. As noted by Allied, however, the proposed Second Amended Complaint does not name APIS. Instead, Plaintiff names ANC. It is obvious that Plaintiff's objective in seeking leave to amend is to reinstate the default judgment against ANC. To that end, Plaintiff's approach appears to be that APIS is a proper defendant, APIS owns the ANC trademark, and thus, Plaintiff can name ANC as a party.

Therefore, the Court must determine whether Plaintiff may name ANC – a trademark – as a defendant. Plaintiff argues ANC is a proper party under Montana law. Allied counters that a trademark is not a legal entity capable of being sued.

Federal Rule of Civil Procedure 17(b) provides that the capacity to sue or be sued is determined as follows:

> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located[.]

Fed.R.Civ.P. 17(b).

ANC is a trademark. (Docs. 75-1; 83-1 at ¶ 4.) It is not an individual, or corporation. Therefore, whether ANC is a proper party is controlled by Montana law. The Court notes that various courts throughout the country have held a trademark cannot be sued. *See e.g. Deisel Machinery, Inc. v. Manitowoc Crane Group*, 777 F.Supp.2d 1198, 1213 (D. S.D. 2011) (collecting cases); *Ventura v. Bebo Foods, Inc.*, 595 F.Supp.2d 77, 80-81 (D. D.C. 2009).

Nevertheless, the Montana Supreme Court has indicated that a trade name may be sued where it constitutes a common name under which two or more persons transact business. In *MacPheat v. Schauf*, 41 P.3d 895 (Mont. 2002), the Court held the plaintiff could properly sue a federally-registered service mark. *Id.* at 897-98. There, the plaintiff brought a libel action against Farmers Insurance

Group of Companies ("FIGC"). The defendant moved to quash service and dismiss on grounds that FIGC was not a legal entity, but was merely a federally registered service mark used by Farmers' companies to distinguish their services from others. *Id.* at 896.

The Court determined Rule 4 of the Montana Rules of Civil Procedure and Montana Code Annotated § 25-5-104 authorized suit against the service mark. Specifically, the Court held FIGC was a "business association" under § 25-5-104 because its affiliates transacted business under the common name FIGC.

Section 25-5-104 provides:

> When two or more persons associated in any business transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability.

Mont. Code Ann. § 25-5-104.

In reaching its conclusion that FIGC was subject to suit under § 25-5-104, the *MacPheat* Court noted that the letterhead of the allegedly libelous letter contained the FIGC name and logo; a sample Farmers' auto policy contained several references to the FIGC common name; the cover sheet included FIGC's logo; and a thank you letter from the insurance agent to the customer contained only FIGC's name and address on the letterhead. *Id.* at 898. The Court cautioned

however that § 25-5-104 "is not self-executing in terms of liability," and that the Plaintiff "must still establish the liability of the association's members, if any, according to the applicable substantive law." *Id.*

Here, it appears both Allied and APIS transact business under the ANC trademark. The policy issued by Allied references ANC and includes the ANC name and logo. (*See* Doc. 19-2.) The claim was also adjusted on ANC letterhead. Correspondence from Ms. Schroeder, who is employed by APIS, contains only ANC's name on the letterhead. (*See* Docs. 19-1; 88 at 2.) Thus, similar to the service mark in *MacPheat*, the ANC trademark is a common name under which its affiliates – APIS and Allied – transact business. As such, the Plaintiff should be permitted to join ANC as a defendant pursuant to § 25-5-104.

Therefore, the Court finds that Plaintiff's motion for leave to amend should be granted. Applying the Ninth Circuit factors to be considered in granting leave to amend, there is no indication Plaintiff is acting in bad faith, and it appears the motion for leave to amend was filed in a timely manner after learning of Ms. Schroeder's employment with APIS. Although Allied argues the amendment is improper, it does not maintain it will be otherwise prejudiced by the amendment. Further, as discussed above, the Court does not find the amendment to be futile.

Although the Court has determined Plaintiff may join ANC, the Court finds Plaintiff cannot achieve her actual objective, which is to reinstate the default and

default judgment against ANC. The reason is simple – there is no legal default judgment to reinstate. Judge Haddon previously determined the state court did not have jurisdiction when it entered the default judgment. Therefore, he held the default judgment was void, and set it aside. (*See* Doc. 116 at 36-38 ("I, as noted, have concluded that the state court didn't have any jurisdiction to enter a default judgment. And that is, in the view of this court, adequate and sufficient to set aside everything that the state court purported to do by way of entry of a judgment.").)

Plaintiff has not argued, or provided any new facts or information that would undermine or change the basis for the Court's determination in this regard. Plaintiff decries that Allied misrepresented that it alone was responsible for adjusting the claim, and asserts the Court set aside the default judgment based on this misrepresentation. But Judge Haddon did not rely on Allied's representation in reaching his decision. Rather, the timeliness of Allied's removal was the lynchpin of his analysis. Thus, even accepting that Allied's representation was misleading, it does not provide a basis to set aside Judge Haddon's determination that the state court lacked jurisdiction to enter the default judgment.

Accordingly, Plaintiff's request for leave to file a motion to reinstate the default judgment should be denied.

## IV.   CONCLUSION

Based on the foregoing findings, **IT IS RECOMMENDED** that:

17

1.      Allied's Motion for Partial Summary Judgment (Doc. 52) be **GRANTED**; and

2.      Plaintiff's Motion for Joinder by Amended Complaint (Doc. 74) be **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff should be permitted to file the proposed Second Amended Complaint naming ANC as a defendant.  However, Plaintiff's request for leave to file a motion to reinstate the default judgment against ANC should be denied.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.  D. Mont. Local Rule 72.3.

DATED this 6th day of August, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge