IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION\

| | |
|---|---|
| TINA MCCOLL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ALLIED PROFESSIONALS<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant. | CV 17-40-H-SEH-TJC<br><br>**ORDER** |

On April 4, 2018, the Court held oral argument on Plaintiff Tina McColl's Motion to Compel Discovery. (Doc. 106.) The Court granted in part, and denied in part, Plaintiff's request for costs and fees associated with the deposition of Sara Schroeder. (Doc. 107.) The Court ordered Defendant Allied Professionals Insurance Company ("Allied") to pay reasonable costs and fees associated with the deposition, as well as fees and costs associated with post-deposition motions and briefs that related directly to the Schroeder deposition. (*Id.*) However, the Court found Plaintiff's requested fees and costs had not been properly supported. (*Id.*) Therefore, the Court ordered Plaintiff's counsel to submit an affidavit itemizing and detailing the costs and fees claimed, and explaining how each cost and fee related to the deposition. (*Id.*) In addition, the Court directed counsel to explain how he apportioned the costs and fees associated with post-deposition motions and

1

briefs. (*Id.*) At the April 4 hearing, and again in its order, the Court cautioned Plaintiff's counsel that if it could not be determined from counsel's explanation how any of the fees and costs related to the deposition, or how an invoice item was apportioned, counsel's request for that particular cost or fee would be denied. (*Id.*)

Plaintiff's counsel filed a Declaration in Support of Attorney's Fees and Costs (Doc. 106); Allied filed a Response (Doc. 108); and Plaintiff's counsel replied and supplied a Supplemental Declaration (Doc. 109).

I.  **LEGAL STANDARD**

To calculate a reasonable award of attorney's fees, the Court looks to the lodestar approach set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *Finley v. Hartford Life & Acc. Ins. Co.*, 249 F.R.D. 329, 332-33 (N.D. Cal. 2008) (applying the lodestar method to an award of attorney's fees under Fed.R.Civ.P 37). The basic lodestar method requires the Court to multiply the number of hours reasonably expended by a reasonable hourly rate. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The party requesting an award of attorney's fees must present evidence supporting the number of hours worked and the hourly rate claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The Court may reduce the award of fees if the documentation supporting the request is inadequate. *Hensley*, 461 U.S. at 433.

The requesting party "must provide detailed time records documenting the task completed and the time spent." *I.E.I. Co. v. Advance Cultural Ed.*, 2011 WL 1335407, *4 (N.D. Cal. 2011). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley*, 461 U.S. at 434).

The reasonable hourly rate is determined according to prevailing market rates in the relevant legal community. *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) ("[T]he 'prevailing market rate,' not the individual contract, provides the standard for lodestar calculations."). The burden of establishing the applicable market rate is on the requesting party. Generally, this is accomplished through affidavits, from the attorney performing the work and from another attorney who can testify to the current market rate. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). The Court may also rely, in part, "on its own knowledge and experience" with the community's legal market and customary hourly rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

After calculating the lodestar amount, the Court may then increase or reduce the lodestar figure based on an evaluation of the factors set forth in *Kerr v. Screen*

*Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975).[1] *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1212 (9th Cir. 1986). The Ninth Circuit has cautioned that the lodestar amount should only be adjusted "in rare and exceptional cases." *Welch v. Metro. Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir. 2007). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir.1987).

**II.  DISCUSSION**

    A.    <u>Reasonable Hours Expended</u>

Plaintiff's counsel's breakdown of the fees and costs is confusing and contradictory. In his initial declaration, Plaintiff's counsel asserts he expended 170 hours over a period of six months on discovery-related issues. (Doc. 106 at ¶ 8.) He states the deposition and non-deposition issues are "inextricably intertwined so that no precise division of time can be had." (*Id.* at ¶ 9.) But he estimates that one-half of the time, or 85 hours, was related to deposition issues. (*Id.*) Counsel

---

[1] These factors include the following:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 70.

then goes on, however, to itemize the fees and costs he claims to be associated with the Schroeder deposition. (*Id.* at ¶¶ 16-30.) All together, the itemized breakdown totals 162.55 hours. (*Id.*)

In his reply, counsel again outlines his time expended on various discovery disputes. (Doc. 109.) Although it is difficult to determine precisely what portion of that time counsel attributes to the Sara Schroeder deposition, it appears counsel claims a total of approximately 187.45 hours. (*Id.* at 2-4.) But then, without explanation, counsel requests that he be reimbursed the sum of 59.9 hours at $300 per hour. (*Id.* at 4.) It is not at all clear which of the previously outlined items are included in the 59.9 hour figure.

The Court finds Counsel's declarations are generally insufficient. Simply estimating that 50% of the time was spent on deposition issues falls well short of the specificity ordered by the Court. Further, counsel has presented the information in an inconsistent and unclear manner. Nevertheless, the Court determines that the following costs and fees are sufficiently documented and reasonably related to Ms. Schroeder's deposition, and should therefore be awarded to Plaintiff. All other requested fees and costs are denied as inadequately documented or explained. [2]

---

[2] McColl did not provide any reasonable basis to apportion other fees and costs between time devoted to the deposition of Sara Schroeder and the many other discovery issues McColl has raised. In addition, as noted at the April 3, 2018

5

| Date | Activity | Hours Allowed |
|---|---|---|
| 10/23/17 | Deposition preparation | 6 |
| 10/24/17 | Travel to deposition | 8 |
| 10/25/17 | Deposition of Ms. Schroeder | 6.5 |
| 10/25/17 | Travel from deposition | 8 |
| 11/21/17 | Objection to readmission of Kadish | 1.3 |
| 12/15/17 | Hearing before Judge Haddon | 8 |
| 2/14/18 – 3/5/18 | Preparation of Brief and Declaration in Support of Fees | 16 |
| TOTAL | | 53.8 |

B.  <u>Reasonable Hourly Rate</u>

Next, the Court must determine what hourly rate should be set. Plaintiff's counsel states that his contract with Plaintiff provided for an hourly fee of $350. (Doc. 106 at ¶ 13.) He agrees, however that $300 is reasonable, and requests

---

hearing, the Court found the testimony of McColl's expert, Alan Blakley, to be unhelpful. Mr. Blakley offered his opinion on the reasonableness of the fees and costs associated with several discovery motions filed by McColl – almost all of which were denied. (See Doc. 107.) Mr. Blakley did not attempt to segregate or apportion the fees and costs related to the Schroeder deposition, or provide an opinion on what fees would be appropriate for that issue alone.

reimbursement at that rate. (*Id.* at ¶ 10.) Allied points out that testimony at the hearing revealed that hourly rates between $250 and $300 would be considered reasonable, and indicates it leaves the issue to the Court's discretion. (Doc. 108 at 10.) The Court finds that an hourly rate of $275 is reasonable in this case.[3]

Accordingly, the fees and costs shall be calculated as follows: 53.8 hours at the rate of $275 per hour, for a total of $14,795. The Court finds no grounds for making any further adjustment to the lodestar calculation.

C. <u>Credit for Previously Paid Amounts</u>

Finally, as noted by the parties, the amount previously paid by Allied should be credited against the award of fees and costs. However, the parties dispute what this credit should be. Allied asserts it has issued two checks, one for $4,985.00 and one for $637.20, and should be credited for both. Plaintiff counters that only $4,985.00 should be credited. Plaintiff's counsel explains that the $637.20 was not

---

[3] The Court has also surveyed attorney fee cases which have come before the Montana Supreme Court in the last decade, and found they generally involve fee requests or awards of $250 per hour or less. *See e.g. State, ex rel. Montana Dep't of Transp. v. Am. Bank of Montana*, 195 P.3d 844, 845-46 (Mont. 2008) (fee request in condemnation action ranged between $125-$250); *Suzor v. Int'l Paper Co.*, 386 P.3d 584, 594-95 (Mont. 2016) (affirming fee award of $225 per hour, rather than the claimed rate of $250 per hour); *Tacke v. Energy W., Inc.*, 227 P.3d 601, 611 n. 3 (Mont. 2010) (noting defendant did not challenge reasonableness of fee request of $225 per hour); *Shephard v. Widhalm*, 290 P.3d 712, 717 (Mont. 2012) (affirming award of fees based on $200 per hour); *Bitteroot River Protective Ass'n v. Bitterroot Conservation Dist.*, 251 P.3d 131, 142 (Mont. 2011) (affirming fee awards based on $200 and $300 per hour).

7

related to the deposition of Ms. Schroeder, but was rather associated with Allied's request to change the date of Michael Schroeder's deposition. (Doc. 109-1 at ¶¶ 10-12.) Plaintiff's counsel had purchased a nonrefundable ticket for the deposition, and Allied agreed to pay the nonrefundable cost in order to reschedule the deposition. *Id.*

Because the $637.20 was not related to Ms. Schroeder's deposition, the Court declines to credit it towards the award of costs and fees associated with her deposition. Therefore, only $4,985.00 shall be credited against the award of fees and costs.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Allied shall pay reasonable costs and fees in the amount of **$9,810.00** within 14 days of the date of this Order.

DATED this 22nd day of October, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge