IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| TINA MCCOLL, | CV 17-40-H-SEH-TJC |
|---|---|
| Plaintiff, | |
| vs. | **ORDER ON PLAINTIFF'S MOTIONS IN LIMINE** |
| AMERICAN NATUROPATHIC COUNCIL and ALLIED PROFESSIONALS INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff Tina McColl ("McColl") brings this action against Defendants American Naturopathic Counsel and Allied Professional Insurance Company ("Allied") for alleged bad faith insurance practices under Montana's Unfair Trade Practices Act (the "UTPA"). (Doc. 6.)

United States District Judge Sam E. Haddon has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Doc. 76, 82.) Presently before the Court are McColl's Motions in Limine. (Doc. 120.) Having considered the parties' submissions, the Court finds McColl's motions should be **GRANTED** in part and **DENIED** in part.

/ / /

/ / /

1

## I. LEGAL STANDARD

Motions in limine are procedural devices that may be used to exclude anticipated inadmissible or prejudicial evidence before it is actually offered at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions in limine, however, do "not lie to exclude broad categories of evidence." *Acad. of Motion Picture Arts & Scis. v. Godaddy.com, Inc.*, 2015 WL 12697750, *2 (C.D. Cal. Apr. 10, 2015). Rather, motions in limine must specifically "identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, *1 (C.D. Cal. May 19, 2010). *See also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.").

"A party cannot use a motion in limine to sterilize the other party's presentation of the case." *Johnson v. Gen. Mills Inc.*, 2012 WL 13015023, *1 (C.D. Cal. May 7, 2012). Motions in limine also should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D. D.C. 2008). To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high

standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. K-Mart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

## II. DISCUSSION

McColl moves to exclude any evidence, testimony or argument regarding: (1) comparative bad faith/attacks on McColl or her counsel; (2) after-acquired evidence; (3) the existence of other insurance; (4) the date or amount for which the case should have settled/argument that McColl was unhappy with the verdict; (5) the State District Court's denial of summary judgment; (6) proceedings before the Alternative Healthcare Board; and (7) the deposition of Alan F. Blakley. (Doc. 121.) Allied opposes the motion. (Doc. 125.)

### A. Comparative Bad Faith/Attacks on Plaintiff or her Counsel

McColl argues the Court should broadly exclude any evidence, testimony or argument that would "disparage or vilify her or her counsel or blame them for the scope of the investigation or adjustment of the claim." (Doc. 121 at 3.) McColl also asserts "comparative bad faith" is not a defense, and thus contends any

3

evidence of "claimed bad faith or misconduct by Mrs. McColl or her counsel" should be excluded. (*Id.* at 4.) Allied responds that it does not intend to disparage counsel or McColl, and has not asserted a defense of "comparative bad faith." Nevertheless, Allied asserts that evidence as to what occurred between the parties leading up to the trial in the underlying case is relevant to both McColl's claims and Allied's defenses.

McColl's motion falls short of the specificity required for a motion in limine. McColl does not specifically identify what evidence she seeks to exclude. The Court finds this type of broad request would require the Court to "'rule in a vacuum' on the admissibility of evidence." *Acad. of Motion Picture Arts & Scis.*, 2015 WL 12697750 at *2. The Court declines to do so because granting "such amorphous motions would 'leav[e] the court and the parties to guess what [evidence] during trial may be included within the scope of the ruling.'" *Id.*

Further, categorically excluding all evidence of McColl's conduct after the claim would not be appropriate. Apparently, McColl seeks to exclude all evidence of her conduct and that of her attorney. But the jury cannot evaluate the insurer's conduct in isolation. Evidence of the course of dealing between the parties is relevant to claims and defenses in this case. At trial, Judge Haddon can rule on any evidentiary issues concerning McColl's conduct as they arise, and in light of the factual context in which they are presented.

4

Moreover, it is a misuse of motions in limine to base them "on matters of day-to-day logistics and common professional courtesy." *Johnson*, 2012 WL 13015023 at *1. As such, the Court finds it is unnecessary to grant a motion in limine preventing Allied from "attacking" McColl or her counsel.

**B.     After-Acquired Evidence**

McColl moves to exclude any "new information unknown to the insurer" at the time it adjusted the claim. (Doc. 121 at 5.) Allied states it is unaware of any information that would fall within the scope of this motion in limine.

Again, McColl fails to set forth with any specificity, what "unknown information" she seeks to exclude. Without a specific objection to specific evidence, the Court is unable to fairly evaluate and rule on McColl's motion. Accordingly, the Court declines McColl's request to broadly exclude all after-acquired evidence.

**C.     Existence of Other Insurance**

McColl argues Allied should not be permitted to introduce evidence that she was insured by BlueCross BlueShield of Montana. Allied asserts the evidence is potentially relevant to McColl's claim for damages.

Although evidence of other insurance would generally not be relevant, Allied has articulated at least a potential basis for its admissibility here. McColl alleges Allied refused to advance pay her medical expenses. (Doc. 134 at ¶¶ 2, 4.)

Thus, Allied asserts that, to the extent McColl claims damages as a result of not having her medical expenses advance paid, evidence regarding other available health insurance may be relevant to determining her damages claim, as well as her duty to mitigate damages. As such, the Court declines to preclude all evidence regarding McColl's health insurance at this stage. The Court finds the better course is for Judge Haddon to assess the admissibility of this evidence at trial and in light of the factual context in which it is offered.

> **D. Questions Concerning the Date or Amount the Claim Should Have Settled For/Whether McColl was Unhappy with Verdict**

McColl moves to preclude questions concerning the date or the amount her claim should have been settled for. She also moves to exclude evidence about whether McColl was "happy" with the verdict in the underlying case. Allied opposes, arguing such evidence is directly relevant to whether it breached its duty to attempt to settle in good faith, and whether the underlying case could have been settled prior to trial.

The Court finds questions regarding McColl's settlement demands, the jury verdict, and testimony concerning when the settlement could or should have been reached and for what amount of money, are potentially relevant depending on the testimony at trial. Allied points out, for example, that questions about McColl's "unhappiness" with the jury verdict may impeach McColl or her expert's testimony that she would have accepted the amount the jury awarded prior to trial. In

6

addition, if McColl or her expert testify that the matter could or should have been settled prior to trial, Allied may be allowed to inquire when the case should have been settled and under what terms. Therefore, the Court will defer to Judge Haddon to determine the admissibility of such evidence depending on the evidence McColl introduces to support her claims.

E.    **State District Court's Denial of Motion for Partial Summary Judgment**

McColl next moves to exclude evidence of the state District Court's Order denying McColl's motion for partial summary judgment. Allied counters, arguing the issue of reasonably clear liability was in dispute, and the District Court's Order is probative of that issue.

Typically, prior motions and a court's rulings thereon would be inadmissible at trial. Here, however, Allied asserts it reviewed and relied upon the District Court's Order in determining whether liability was reasonably clear in regard to its insured's conduct, as well as in regard to McColl's damages. As such, the Court finds the State District Court's Order may at least be potentially relevant to whether Allied breached its duty to McColl in handling her claim by failing to negotiate and pay McColl's damages when liability was reasonably clear. However, the Court finds Judge Haddon will be better suited to determine the admissibility of the State District Court's prior orders in light of the evidence Allied relies on at trial.

7

### F. Proceedings before the Alternative Healthcare Board

McColl moves to exclude evidence of proceedings before the Alternative Healthcare Board. McColl asserts those proceedings were collateral to the underlying suit, and have no bearing on the issues in this case. But Allied asserts it received two letters related to Dr. Lang and the Alternative Healthcare Board during the handling of McColl's claim. Allied asserts the documents were part of its file and were relied on to "some extent."

At this point, the Court is without sufficient information to determine the potential relevance of this evidence. The Court is without information regarding how and when Allied obtained the evidence, how it considered the evidence, or for what purpose Allied would seek to introduce the evidence at trial. Accordingly, the Court will defer to Judge Haddon to address the admissibility of this evidence in light of its factual context, if and when it is offered at trial.

### G. Deposition of Alan F. Blakley

Finally, McColl moves to preclude Allied from using the deposition testimony of her expert witness, Alan F. Blakley. McColl asserts that at the time of Mr. Blakley's deposition, Allied had not disclosed a consultative medical report it had received from Dr. Glenn J. Messina during its investigation of the underlying claim. McColl contends that Dr. Messina's report supports her position that liability was reasonably clear at the outset of the underlying litigation, and

therefore Mr. Blakley's deposition testimony was based upon incomplete information. McColl argues that permitting Allied to impeach Mr. Blakley with his deposition testimony would be unfair and prejudicial because it would make him "look a fool for not knowing the facts." (Doc. 121 at 12.)

In response, Allied notes that Mr. Blakley reviewed Dr. Messina's report following his deposition and submitted an Amended Report. Allied states that it will not seek to cross-examine Mr. Blakley with his deposition testimony concerning Dr. Messina's Report. Nevertheless, Allied asserts it should be permitted to examine Mr. Blakley based on his Amended Report. Allied also points out that Mr. Blakley's deposition dealt with many different issues, aside from the Messina Report.

Allied does not dispute that it should have provided the Messina Report prior to the deposition of Mr. Blakley. Fed. R. Civ. P. 37(c)(1)(C) provides that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," the court may impose "appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Those sanctions include prohibiting a party "from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

The Court finds it is appropriate to prohibit Allied from utilizing any portion of Mr. Blakley's deposition where his testimony may have been impacted by

9

Allied's failure to timely produce the Messina Report. McColl identifies three issues where "Mr. Blakley's responses were based upon an incomplete set of facts unaware what [Allied] had been told by Dr. Messina and when that happened": (1) whether liability was reasonably clear; (2) when Allied should have known liability was reasonably clear; and (3) whether Allied failed to conduct a reasonable investigation. (Doc. 121 at 11.)[1] The Court agrees that all three areas of inquiry could have been influenced by the Messina Report. Therefore, Allied should be prohibited from using Mr. Blakely's deposition for impeachment, or for any other reason, relative to those issues.

The Court finds no reason to preclude Allied from relying on other portions of Mr. Blakely's deposition that are unrelated to the Messina Report. Further, the Court finds no basis to preclude Allied from using Mr. Blakely's Amended Report. At trial, Judge Haddon can rule on any further objections to the use of Mr. Blakely's deposition testimony as they arise, and in light of the factual context in which they are presented.

///

---

[1] McColl further states that Dr. Messina also opined that McColl's counsel was underestimating the extent of her damages, citing "Exhibit B." The statement relied upon by McColl's counsel is not contained within Exhibit B filed with the Court. (Doc. 121-2.) Nevertheless, even if the statement is included in the Messina Report, the Court does not agree that Dr. Messina was stating an opinion that McColl's damages were being underestimated.

## III. CONCLUSION

Rulings on motions in limine are provisional and "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984). Accordingly, Judge Haddon may readdress any of McColl's motions in limine as necessary at trial. Further, the parties are reminded that "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.'" *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Based on the foregoing, **IT IS HEREBY ORDERED** that McColl's Motions in Limine (Doc. 121) are **GRANTED** in part, and **DENIED** in part.

**SO ORDERED.**

DATED this 24th day of October, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge