Calvin J. Stacey
STACEY & FUNYAK
100 North 27th Street
P.O. Box 1139
Billings, Montana 59103-1139
Phone: (406)259-4545
Fax: (406)259-4540
cstacey@staceyfunyak.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
HELENA DIVISION

_____

| | |
|---|---|
| TINA MCCOLL, | CAUSE NO.: CV-17-40-H-SEH-TJC |
| Plaintiff, | |
| v. | **DEFENDANT ALLIED PROFESSIONALS INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION REQUESTING AN AWARD OF REASONABLE ATTORNEY'S FEES** |
| AMERICAN NATUROPATHIC COUNCIL and ALLIED PROFESSIONALS INSURANCE COMPANY, | |
| Defendants. | |

_____

Defendant Allied Professionals Insurance Company (Allied), by and through its counsel of record, has moved the Court pursuant to Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure for an award of reasonable attorney's fees incurred

1

by Allied in responding to plaintiff Tina McColl's (McColl) Second Motion to Compel Discovery (Doc. 122) which was denied in its entirety by the Court in its Order dated October 23, 2018 (Doc. 143). In support of this Motion, Allied respectfully submits the following:

### THE REASONS WHY THE COURT DENIED McCOLL's SECOND MOTION TO COMPEL DISCOVERY

McColl's Second Motion to Compel Discovery (Doc. 122) sought to compel from Allied the insurer of Dr. Michael Lang, a Bozeman Naturopathic physician, (1) the production of the Corporate Services Agreement between Allied and Allied Professionals Insurance Services (APIS), not a party to this action and (2) a response to "interrogatories about Michael Schroeder's remuneration for his claims handling activities" and requiring "Michael Schroeder to answer questions about his ownership interest in APIS." (Doc. 122 at 1).

The Court, in rejecting each of McColl's requests concluded, in summary, as follows:

1. In respect to McColl's contention that information needed to be produced by Allied as to whether or not Michael Schroeder or APIS had a financial motive to refuse to timely investigate and pay her claim against Dr. Lang, in addition to the fact that there was no indication that a financial motive of this type existed, Allied had previously responded to discovery requests on the issue and had stated

2

affirmatively that neither Sara or Michael Schroeder had received any financial benefit from the manner in which either one may have handled or adjusted individual claims including McColl's claim (Doc. 143 at 4).

2. The Court, after reviewing the Corporate Services Agreement (Agreement) between Allied and APIS concluded that as represented by Allied in discovery, the Agreement provided for a flat monthly fee to be paid by Allied to APIS for claims management as well as for other managerial services but did not provide any variation in compensation to be paid to APIS based upon how APIS, or any of its employees, handle individual claims. The Court concluded the Agreement did not evidence a financial incentive to deny McColl's claims or to refuse to timely investigate and attempt to settle her claim and that McColl had not provided any other basis why the Agreement would be relevant to her claims (Doc. 143 at 5-6).

3. In respect to McColl's request seeking an Order compelling Allied to answer interrogatories "about Michael Schroeder's remuneration for his claims handling activities", the Court again found that Allied had responded to discovery requests including Interrogatory No. 20 by stating Michael Schroeder was not offered and did not receive a bonus, profit sharing or other compensation beyond his regular salary for the years 2012-2015 that in any way related to any claim including that of McColl. The Court further noted a supplemental response was provided after

3

the depositions of Sara and Michael Schroeder which reiterated that the deposition testimony confirmed that bonuses are not based upon how claims are handled including the claim of McColl and that the calculation of bonuses is not tied to the handling of any particular claim. The Court concluded that Allied had responded to McColl's discovery requests regarding any bonuses and compensation paid to Michael Schroeder for his claims handling activities (Doc. 143 at 6-7).

4. McColl further alleged that Michael Schroeder had improperly refused to answer questions in his deposition regarding his ownership interest in APIS again contending that this information might be relevant to his financial incentive for allegedly refusing to investigate and settle her claim however the Court noted that McColl did not specify where Mr. Schroeder failed to provide information regarding his financial interest in APIS. The Court found that to the contrary, Mr. Schroeder had testified in his deposition that he was an owner of stock in APIS. In her Second Motion to Compel Discovery, McColl claimed that Mr. Schroeder's refusal to identify the names of other shareholders in APIS was improper however as the Court noted, McColl provided no explanation as to why the identity of other shareholders in APIS who did not participate in any way in the adjustment of her claim would be relevant to the issue of financial incentive. In fact, the Court noted that McColl, during Mr. Schroeder's deposition, stated that the basis for the inquiry was to

determine who had the authority to make discretionary decisions regarding bonuses but as the deposition reflects, Mr. Schroeder was prepared to answer any questions McColl had concerning who had the authority within APIS to authorize bonuses but McColl did not pursue that line of inquiry. Since Mr. Schroeder had testified that he was an owner of stock in APIS and did not avoid that issue and McColl had not identified what additional information she sought to compel concerning Mr. Schroeder's ownership in APIS and had not specified where Allied had declined to provide the information or explain why and additional information would be relevant to her claims, her Motion to Compel was denied.

### McCOLL'S SECOND MOTION TO COMPEL DISCOVERY SHOULD NOT HAVE BEEN FILED AND WAS NOT SUBSTANTIALLY JUSTIFIED THUS ENTITLING ALLIED TO AN AWARD OF REASONABLE ATTORNEY'S FEES

When a motion to compel is denied, the prevailing party is entitled to an award of reasonable expenses incurred in opposing the motion including attorney's fees unless the motion was substantially justified or other circumstances make an award of expenses unjust. (Rule 37(a)(5)(B), F.R. Civ. P.)

Allied respectfully contends that McColl lacked substantial justification for the filing of her Second Motion to Compel Discovery. The reasons why the Court denied her Motion in its entirety supports Allied's contention that her request for discovery was not "substantially justified". McColl refused to believe the written

5

discovery responses of Allied as well as the sworn testimony of Sara and Michael Schroeder in respect to whether or not they received any financial gain including bonuses in respect to how they may have handled any claim including McColl's claim against Dr. Lang. McColl's refusal to accept the discovery responses of Allied, with no other factual or legal basis to do so, led to the filing of her of Second Motion to Compel Discovery requiring Allied to further respond. As the Court noted, in most situations McColl failed to provide any basis upon which she believed, in good faith, Allied had not responded in discovery fairly or accurately. One clear and undisputed example of where McColl lacked any substantial justification for the filing of her Second Motion to Compel Discovery was in respect to her contention that Michael Schroeder had improperly refused to answer questions in his deposition regarding his ownership interest in APIS. As the deposition of Mr. Schroeder reveals, Mr. Schroeder did not refuse to answer these type of questions and in fact testified that he was an owner of stock in APIS. Despite this fact, McColl sought an Order from this Court compelling Mr. Schroeder to do something that he had already done by way of his deposition testimony. McColl claimed that Mr. Schroeder failed to answer questions as to who had authority to make discretionary decisions regarding bonuses when in fact Mr. Schroeder made it absolutely clear that he was prepared to answer those questions. The reason he did not get the

opportunity to answer those questions was due to the fact that McColl did not ask them.

In summary, McColl in filing her Second Motion to Compel Discovery did not explain the relevancy basis for of her request and more importantly she ignored the fact that Allied had responded fully and completely to written discovery requests as well as providing deposition testimony.  A request for discovery is "substantially justified" if reasonable people could differ as to whether the party requested must comply.  (*Reyo Pacific Corp. v. Johnston Pump Co.,* 680 F. 2d 647, 649 (9th Cir. 1982)).  Allied respectfully contends that as the Court found and reasonable people would agree Allied had responded fully to all discovery requests of McColl.  McColl cannot demonstrate that she had substantial justification in the filing of her Second Motion to Compel Discovery and therefore Allied is entitled to an award of reasonable attorney's fees in respect to not only defending her Motion but by way of its request for an award of reasonable attorney's fees.

**DATED** this 24th day of December, 2018.

STACEY & FUNYAK

By:  /s/ Calvin J. Stacey
    Calvin J. Stacey, Attorneys for
    Defendant Allied Professionals
    Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the dated this 24th day of December, 2018 a true and correct copy of the foregoing ***Defendant Allied Professionals Insurance Company's Motion for Attorney's Fees (Rule 37(a)(5)(B), F.R. Civ. P.)*** was served upon the following person(s) by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| ____ | Hand Delivery |
| ____ | Mail |
| ____ | Email |

1. Clerk of Court

2. Geoffrey C. Angel
   Angel Law Firm
   803 West Babcock
   Bozeman, Montana 59715

STACEY & FUNYAK

By:   /s/ Calvin J. Stacey
       Calvin J. Stacey, Attorneys for
       Defendant Allied Professionals
       Insurance Company

8